clusion of law that he had committed an act of bankruptcy, the absence of the intent imputed to him, and other allegations of specific facts in respect to which a direct denial, of his own knowledge, may be proper. In like manner he denies that he knew or believed himself to be insolvent when he gave the chattel mortgages before referred to, although the admissions in the answer show that he was legally insolvent, and that he knew the facts upon which the law judged him insolvent. But it must in charity be presumed, and probably in accordance with the fact, that he was ignorant of the legal definition of the term insolvency, and that such ignorance led to such denial.

It may, perhaps, be proper to consider the argument that the provisions of the bankruptcy act should not be so construed as to impute to congress an intention to invalidate a voluntary assignment without preferences, under which the property of an insolvent will be distributed pro rata among his creditors, and, perhaps, more expeditiously and with less expense than it can be done under proceedings in bankruptcy.

That the provisions of the bankruptcy act fully authorize, if they do not absolutely require, such construction, is very clear; and this case furnishes a sufficient reason for the adoption of such provisions. Unless the creditors can proceed in bankruptcy, the chattel mortgages, by which preference has been given to certain creditors of the bankrupt, cannot be set aside on the ground of such unlawful preference, and an insolvent, by giving preference in that mode, and then making a general assignment without preferences, could defeat some of the most salutary provisions of the bankruptcy act.

An adjudication of bankruptcy will therefore be ordered. [And the case referred to Register Husbands for further proceedings.][3]

━━━

## Case No. 12,975.

### In re SMITH.

[6 Ben. 187.][1]

District Court, S. D. New York. Oct., 1872.

BANKRUPTCY — STRIKING OUT PROOF OF CLAIM— UNLIQUIDATED DAMAGES.

A claim by a broker, who had made contracts as the agent of the bankrupt, but in his own name, for the purchase of goods, which contracts the bankrupt refused to carry out, whereupon the broker settled them at a loss, to recover against the bankrupt the amount of such losses and of his brokerage, is a claim for unliquidated damages, and the proof of it, as a claim against the bankrupt's estate, is to be disallowed.

[See in Re Bailey, Case No. 729.]

[In the matter of W. Fleming Smith, a bankrupt.]

The register, in this matter, certified to the court that the assignee had requested him to re-examine and to disallow a claim of one Jones, the proof of which had been filed with the register, on the ground that it was a claim for unliquidated damages, and that, in obedience to his order, the parties had appeared before him in the matter, and that the proof of claim stated a claim of $3,246 28, for and on account of moneys paid by Jones to various persons, and for interest and services, as set out in an account attached; that Jones, as broker, purchased the goods mentioned in the account, at Cincinnati, by the direction and for the account of the bankrupt, to be delivered to him, at Cincinnati, at the times therein mentioned; that the bankrupt failed to accept or receive the goods pursuant to the contracts of purchase made by Jones for him, by reason whereof the losses mentioned in the account occurred; that Jones thereupon settled and closed said several contracts of purchase, and disposed of the subject-matter thereof, and paid and suffered said several items of loss mentioned in the account, for and on account of the bankrupt, amounting to said sum of $3,246 28. The register certified that the only question was whether this was a claim for unliquidated damages, and that, if it was, it should be expunged.

BLATCHFORD, District Judge. The claim, as proved, must be disallowed and expunged.

━━━

## Case No. 12,976.

### In re SMITH et al.

[9 Ben. 494; [1] 18 N. B. R. 24.]

District Court, S. D. New York. May 29, 1878.

BANKRUPTCY—ARREST—FACTOR'S LIABILITY— DISCHARGE.

1. S. & Co. were adjudicated bankrupts in June, 1877. On February 5, 1878, an order was granted for the arrest of the bankrupts in an action in the supreme court of the state of New York. S. having been arrested under that order, petitioned this court for a discharge from the arrest. The debt, to recover which the action in the supreme court was brought, accrued prior to the commencement of the bankruptcy proceedings and was for the proceeds of goods consigned to them for sale as factors: *Held*, that the cases which held that a factor's liability is not discharged by a discharge in bankruptcy (In re Seymour [Case No. 12,684]; In re Kimball [Cases Nos. 7,768, 7,769]) have been over ruled by the case of Neal v. Clark, 95 U. S. 704, which case, though not directly involving the question, adopted a principle of construction as to the 33d section of the bankruptcy act of 1867 [14 Stat. 533] which is clearly applicable to the case of a factor.

2. Under the principle laid down in that case, it must be held that the debt, to recover which the action in the supreme court was brought, would be discharged by the discharge in bankruptcy, and that the petitioner was therefore entitled to be discharged from arrest.

[Cited in Gibson v. Gorman. 44 N. J. Law, 328; Hennequin v. Clews, 77 N. Y. 431;

━━━

[3] [From 3 Am. Law T. 7.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]