OWNERS OF THE FRANCESCA CURRO (WRIGHT v.). See Case No. 18,088.

———

## Case No. 10,636.

OWSLEY et al. v. COBIN et al.

[2 Hughes. 433: 15 N. B. R. 489: 4 N. Y. Wkly. Dig. 431: 9 Chi. Leg. News, 323; 4 Law & Eq. Rep. 49; 23 Int. Rev. Rec. 210.] [1]

Circuit Court, D. South Carolina. June 2, 1877.

BANKRUPTCY — DEBT DUE BY FACTOR FOR GOODS SOLD ON COMMISSION—EFFECT OF DISCHARGE.

A debt due by a factor for the value of goods consigned to him to be sold on commission and remittance made in thirty days is not such a debt contracted in a fiduciary capacity as will be excepted from the operation of a discharge.

[Cited in Re Smith, Case No. 12,976; Zeperink v. Card, 11 Fed. 296; Hennequin v. Clews, 111 U. S. 676, 4 Sup. Ct. 578.]

[Cited in Desobry v. Tête, 31 La. Ann. 809; Woodward v. Towne, 127 Mass. 42; Hennequin v. Clews. 77 N. Y. 427; Same v. Same, 77 N. Y. 431; Scott v. Porter, 93 Pa. St. 38.]

Complaint, filed 30th day of March, 1876, sets out that plaintiffs [Owsley & Co.], citizens of Kentucky, sent to defendants [Henry Cobin & Co.], citizens of South Carolina, on 1st February, 1876, certain goods for sale on commission. That defendants sold the same, and rendered an account of sales, showing net sales due plaintiffs one thousand two hundred and forty-seven dollars and thirty-four cents, which they had failed to pay. Answer filed 22d July, 1876, admits the sales. Admits that defendants, who were in the wholesale grocery business, did receive and sell these goods on commission and as commission merchants; sets up as a defence proceedings in composition, that plaintiffs' name and address and the amount of their debt were properly stated in the schedules and statements of defendants; that the same was duly approved by the court; that the amount due plaintiffs under the composition was four hundred and fifteen dollars and seventy-eight cents, which amount,

with twenty dollars for their costs, being four hundred and thirty-five dollars and seventy-eight cents, had been tendered to them, and which amount was brought and paid into court, as of the date aforesaid. [This amount was paid to plaintiffs July 22, 1876.] [2] The case was tried before [the circuit court, Judges Bond and Bryan presiding, and] [2] a jury April 20, 1877. [After argument the court decided that the debt sued on was not fiduciary in its character, so as to be excepted from the benefit of a discharge in bankruptcy, and directed a verdict for the defendants.] [3] The jury upon instructions, found a verdict for the defendants. Notice for motion to set aside the verdict and for a new trial was given 21st April, 1877, upon the grounds "that the judges of the circuit court erred in instructing the jury that the claim sued on against the defendants for withholding the proceeds arising from the sale of goods consigned to them to be sold on commission was not a debt contracted in a fiduciary capacity; under which instructions the jury found a verdict for the defendants." [The motion for a new trial was argued on 2nd of June, 1877, before the circuit court, Chief Justice M. R. Waite presiding.] [3]

Buist & Buist, for plaintiffs and for the motion, cited, In re Seymour [Case No. 12,684]; In re Kimball [Cases Nos. 7,768, 7,769]; Lemcke v. Booth, 47 Mo. 385; Treadwell v. Holloway, 46 Cal. 547; Meador v. Sharpe, 54 Ga. 125.

Augustine T. Smythe, for defendants and against the motion, submitted the following points: First. That the claim sued on was not such a debt, contracted in a fiduciary capacity, as is contemplated by the acts of congress to be excepted from the operation of a discharge in bankruptcy. Second. That, even if it be adjudged otherwise, the effect of the proceeding in composition is more extensive than that of a discharge under proceedings in bankruptcy, and discharges the debt, and cited in support of the same Chapman v. Forsythe, 2 How. [43 U. S.] 208; Cronan v. Cotting. 104 Mass. 245; Grover v. Clinton [Case No. 5,845]; Woolsey v. Cade, 54 Ala. 378; 8 Am. Law J. p. 35.

The only point considered by the court, and upon which the case was determined, was the first, the court expressly reserving its decision on the second.

WAITE, Circuit Justice. This cause was heard on a motion for new trial. The cause of action was for the value of goods consigned by the plaintiffs to the defendants, who were commission merchants, to be sold on plaintiffs' account and remittance made at thirty days after the sales. The ground of defence considered by the court was that defendants having taken advantage of the bankrupt act [of 1867 (14 Stat. 517)] the debt due to the

———

1 [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission. 4 N. Y. Wkly. Dig. 431. and 4 Law & Eq. Rep. 49, contain only partial reports.]

2 [From 15 N. B. R. 489.]

3 From 9 Chi. Leg. News, 323.]

plaintiffs was barred thereby, and no recovery could be had.

The court concurs in the reasoning of the decisions submitted on behalf of the defendants, and is of opinion that the debt due by the defendants in this case as a factor or commission merchant is not such a debt, contracted in a fiduciary capacity, as is contemplated by the acts of congress to be excepted from the operation of a discharge in bankruptcy.

The motion for a new trial is dismissed with costs.