## Case No. 12,975.

### In re SMITH.

#### [6 Ben. 187.]¹

District Court, S. D. New York. Oct., 1872.

BANKRUPTCY — STRIKING OUT PROOF OF CLAIM— UNLIQUIDATED DAMAGES.

A claim by a broker, who had made contracts as the agent of the bankrupt, but in his own name, for the purchase of goods, which contracts the bankrupt refused to carry out, whereupon the broker settled them at a loss, to recover against the bankrupt the amount of such losses and of his brokerage, is a claim for unliquidated damages, and the proof of it, as a claim against the bankrupt's estate, is to be disallowed.

[See in Re Bailey, Case No. 729.]

[In the matter of W. Fleming Smith, a bankrupt.]

The register, in this matter, certified to the court that the assignee had requested him to re-examine and to disallow a claim of one Jones, the proof of which had been filed with the register, on the ground that it was a claim for unliquidated damages, and that, in obedience to his order, the parties had appeared before him in the matter, and that the proof of claim stated a claim of $3,246 28, for and on account of moneys paid by Jones to various persons, and for interest and services, as set out in an account attached; that Jones, as broker, purchased the goods mentioned in the account, at Cincinnati, by the direction and for the account of the bankrupt, to be delivered to him, at Cincinnati, at the times therein mentioned; that the bankrupt failed to accept or receive the goods pursuant to the contracts of purchase made by Jones for him, by reason whereof the losses mentioned in the account occurred; that Jones thereupon settled and closed said several contracts of purchase, and disposed of the subject-matter thereof, and paid and suffered said several items of loss mentioned in the account, for and on account of the bankrupt, amounting to said sum of $3,246 28. The register certified that the only question was whether this was a claim for unliquidated damages, and that, if it was, it should be expunged.

BLATCHFORD, District Judge. The claim, as proved, must be disallowed and expunged.

━━━━━

## Case No. 12,976.

### In re SMITH et al.

#### [9 Ben. 494; ¹ 18 N. B. R. 24.]

District Court, S. D. New York. May 29, 1878.

BANKRUPTCY—ARREST—FACTOR'S LIABILITY— DISCHARGE.

1. S. & Co. were adjudicated bankrupts in June, 1877. On February 5, 1878, an order was granted for the arrest of the bankrupts in an action in the supreme court of the state of New York. S. having been arrested under that order, petitioned this court for a discharge from the arrest. The debt, to recover which the action in the supreme court was brought, accrued prior to the commencement of the bankruptcy proceedings and was for the proceeds of goods consigned to them for sale as factors: *Held*, that the cases which held that a factor's liability is not discharged by a discharge in bankruptcy (In re Seymour [Case No. 12,684]; In re Kimball [Cases Nos. 7,768, 7,769]) have been over ruled by the case of Neal v. Clark, 95 U. S. 704, which case, though not directly involving the question, adopted a principle of construction as to the 33d section of the bankruptcy act of 1867 [14 Stat. 533] which is clearly applicable to the case of a factor.

2. Under the principle laid down in that case, it must be held that the debt, to recover which the action in the supreme court was brought, would be discharged by the discharge in bankruptcy, and that the petitioner was therefore entitled to be discharged from arrest.

[Cited in Gibson v. Gorman. 44 N. J. Law, 328; Hennequin v. Clews, 77 N. Y. 431;

━━━━━

³ [From 3 Am. Law T. 7.]
¹ [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

¹ [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

Herrlich v. McDonald, 80 Cal. 479. 22 Pac. 299; Woodward v. Towne, 127 Mass. 42.]

[In the matter of Abner E. Smith and others, bankrupts.]

Ward, Clark & Angell, for bankrupt.

CHOATE, District Judge. This is an application on behalf of Smith, one of the bankrupts, to be discharged from arrest under an order of arrest granted in an action in the supreme court of the state of New York, June 30, 1877. The petitioner and his copartners were adjudicated bankrupts on petition of creditors. The arrest was made under an order dated February 5, 1878, pending the proceedings in bankruptcy, and the petitioner is now held to bail.

The petitioner is entitled to be discharged provided the cause of action on which he has been arrested is a debt from which his discharge in bankruptcy, if granted, will release him. In re Glaser [Case No. 5,474]. The debt, for the recovery of which the action was brought, as set forth in the affidavit on which the order of arrest was granted, accrued prior to the filing of the creditor's petition against the bankrupts, and is a claim against them for the proceeds of goods consigned to them for sale as factors.

The bankrupt law of 1867 (section 33) provided that "no debt created by the fraud or embezzlement of the bankrupt or by his defalcation as a public officer, or while acting in a fiduciary character shall be discharged under this act." There has been considerable conflict of authority as to whether a claim against a factor for the proceeds of goods consigned to him for sale was protected under this section from the effects of a discharge. It was early held in this district by Judge Blatchford and Mr. Justice Nelson, after a very careful examination of the question, that such a debt was not discharged. In re Seymour [Case No. 12,684]; In re Kimball [Cases Nos. 7,768, 7,769]. The same construction of the act has been declared in other districts and in some of the state courts. Other cases, however, of great authority, have held the contrary. Grover & Baker Sewing-Mach. Co. v. Clinton [Case No. 5,845] (U. S. Cir. Ct. Wis., Davis and Hopkins, JJ.); Owsley v. Cobin [Case No. 10,636] (Cir. Ct. S. C., by Waite, C. J.). And in Neal v. Clark, 95 U. S. 708, the supreme court of the United States appear to approve the construction given by that court to the corresponding section of the bankrupt act of 1841 [5 Stat. 440], in the case of Chapman v. Forsyth, 2 How. [43 U. S.] 202, as applicable to the 33d section of the act of 1867. The act of 1841, excluded from its benefits "all persons owing debts created in consequence of a defalcation as a public officer, or as executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity." In Chapman v. Forsyth, it was held that the

debt due from a factor for the balance of his account was not a fiduciary debt within the meaning of the act, that the words "other fiduciary capacity," must be construed to refer to trusts or fiduciary relations of the same kind as those enumerated, that is, public officers, executors, administrators, guardians, and trustees. The decision of the case In re Kimball [supra] proceeded upon the theory that the 33d section of the act of 1867 was much broader in its terms and meaning than the corresponding section of the act of 1841. The language of the act of 1867, was, "No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act." In Neal v. Clark, 95 U. S. 704, the court of appeals of Virginia had held that the liability of one who purchased with notice from an executor at a discount a part of the assets under circumstances which made it a devastavit on the part of the executor, so to dispose of them, but without actual fraud on the part of the purchaser was not discharged from his liability by a subsequent discharge in bankruptcy. The supreme court of the United States reversed the judgment on the ground that the "fraud" intended by the statute is actual and not constructive fraud, and they make the following observations on the construction of the act of 1867: "The bankrupt act of 1841, exempted from discharge debts 'created in consequence of a defalcation as a public officer, or as executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity.' The question arose under that act whether a factor who had sold the property of his principal, and had failed to pay over the proceeds, was a fiduciary debtor within the meaning of that clause. This court, in Chapman v. Forsyth [supra], said, 'If the act embrace such a debt, it will be difficult to limit its application. It must include all debts arising from agencies, and indeed all cases where the law implies an obligation from the trust reposed in the debtor. Such a construction would have left but few debts on which the law could operate. In almost all the commercial transactions of the country, confidence is reposed in the punctuality and integrity of the debtor; and a violation of these is, in a commercial sense, a disregard of a trust. But this is not the relation spoken of in the first section of the act. The cases enumerated "the defalcation of a public officer," "executor," "administrator," "guardian," or "trustee," are not cases of implied but special trusts; and "the other fiduciary capacity" mentioned, must mean the same classes of trusts. The act speaks of technical trusts, and not those which the law implies from the contract. A factor is not therefore within the act.' A like process of reasoning may be properly employed in construing the corresponding section of the act

of 1867. It is a familiar rule in the interpretation of written instruments and statutes, that ' a passage will be best interpreted by reference to that which precedes and follows it.' So also 'the meaning of a word may be ascertained by reference to the meaning of words associated with it.' . . . Applying these rules to this case we remark that in the section of the law of 1867, which sets forth the classes of debts which are exempted from the operation of a discharge in bankruptcy, debts created by 'fraud' are associated directly with debts created by 'embezzlement.' Such association justifies, if it does not imperatively require, the conclusion that the fraud referred to in that section means positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, as does embezzlement, and not implied fraud, or fraud in law which may exist without the imputation of bad faith or immorality. Such a construction of the statute is consonant with equity, and consistent with the object and intention of congress in enacting a general law by which the honest citizen may be relieved from the burden of hopeless insolvency. A different construction would be inconsistent with the liberal spirit which pervades the entire bankrupt system." Although the precise question of a factor's liability was not before the court, I think the principle of construction which was made the ground of the decision, thus clearly expressed is applible to the case of a factor, and that this decision must be held to have overruled the cases in which a factor's liability was held not to be discharged in bankruptcy, under the act of 1867. No change was made in this respect in the re-enactment of the bankrupt law in the Revised Statutes (section 5117).

The petitioner is entitled to be discharged from arrest.