WARREN WOODWARD *vs.* WILLIAM H. TOWNE.

Suffolk.   Nov. 13, 1878. — June 24, 1879.   COLT & MORTON, JJ., absent.

A debt created by a person acting as an attorney in fact is not created "while acting in any fiduciary character" within the bankrupt act of the United States of March 2, 1867, § 33.

CONTRACT.   The first count was for money had and received; the second count for money collected by the defendant as an attorney at law employed by the plaintiff.   Writ dated July 12, 1876.   Answer: 1. A general denial.   2. A discharge in bankruptcy.

At the trial in this court before *Colt,* J., without a jury, it appeared that the plaintiff, who resided in California, was the brother and only heir at law of Susan Sleney, of Boston, who died on March 14, 1873; that the plaintiff employed the defendant, an attorney at law, as his counsel to contest the validity of an instrument purporting to be the will of Sleney; that, while the defendant was acting as such counsel, the will was disallowed by a decree of this court on September 13, 1873; that on that day, upon petition of the plaintiff, the defendant was appointed administrator of the estate of Sleney, collected the personal property, and accounted for the same before the two years from his appointment expired; that, while the defendant was acting as counsel, and afterwards as administrator, the plaintiff executed two powers of attorney, the first on his own motion, the second at the suggestion of the defendant, for the sale of real estate which belonged to the plaintiff in his own right and as the heir at law of Sleney, and for other purposes, under which the defendant, as attorney for the plaintiff, sold real estate and executed deeds

thereof, one on September 30, 1873, the other on December 1, 1873, for the sum of $10,880, and informed the plaintiff that, as the real estate was liable for debts, and as the defendant might be called upon to pay debts at any time before the expiration of two years from his appointment, he should retain the proceeds, to which the plaintiff assented; that the defendant did not pay over this sum to the plaintiff, or retain it, but lent the same to his father, who at the time was a man of property, but who failed to pay the same to the defendant, and died insolvent; and that the defendant was adjudicated a bankrupt on September 20, 1876, and obtained his discharge on May 14, 1878, upon which discharge he relied as a bar to this action.

The plaintiff contended that the debt in this case was such as was not barred by the discharge. But the judge ruled that the discharge was a bar to the action; and found for the defendant. The plaintiff alleged exceptions.

*R. D. Smith*, for the plaintiff.

*H. G. Parker*, for the defendant.

GRAY, C. J.   The clause in the recent bankrupt act, exempting from the effect of a discharge in bankruptcy "debts created while acting in any fiduciary character," is in substance and effect a reënactment of the clause in the bankrupt act of 1841, which allowed a like exemption to debts created "as executor, administrator, guardian or trustee, or while acting in any other fiduciary capacity;" and includes only technical trusts, and not trusts implied by law from contracts of agency or bailment. U. S. Sts. August 19, 1841, § 1; March 2, 1867, § 33.   U. S. Rev. Sts. § 5117.  *Chapman* v. *Forsyth*, 2 How. 202, 208.  *Hayman* v. *Pond*, 7 Met. 328.  *Wolcott* v. *Hodge*, 15 Gray, 547.  *Cronan* v. *Cotting*, 104 Mass. 245.  *Grover & Baker Sewing Machine Co.* v. *Clinton*, 5 Bissell, 324.  *Owsley* v. *Cobin*, 2 Hughes, 433.  *Neal* v. *Clark*, 95 U. S. 704, 708.  *In re Smith*, 18 Bankr. Reg. 24.  *Hennequin* v. *Clews*, 19 Albany Law Journal, 477.

The money sued for in this case was not received by the defendant as administrator, not even as attorney at law, but as attorney in fact under the powers executed to him by the plaintiff.

*Exceptions overruled.*