### J. GREEN ET AL. *v.* J. M. CHILTON.

BANKRUPTCY.  *Discharge.  Fiduciary debt.*

    The liability to a bank of its collecting agent, resulting from his appropriating to his own use the proceeds of notes and drafts sent to him by the bank, to which they were intrusted for collection, is not a fiduciary debt, and is dischargeable under the bankrupt law.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

*M. Green*, for the plaintiffs in error.

The defendant held the money in a fiduciary capacity, within the meaning of the U. S. Rev. Stats. § 5117.  If the bankrupt receives money as agent, to be applied in a particular way, or for a specific purpose, for the use of the principal, his discharge does not relieve him from liability.  *In re Kimball*, 6 Blatch. 292; *In re Seymour*, 1 Ben. 348; *In re Kimball*, 2 Ben. 554; *Duguid* v. *Edwards*, 50 Barb. 288; *Treadwell* v. *Holloway*, 46 Cal. 547.  The rule was the same under the act of 1841.  *Matteson* v. *Kellogg*, 15 Ill. 547; *Flagg* v. *Ely*, 1 Edm. Sel. Cas. 206; *White* v. *Platt*, 5 Denio, 269. Cases like *Cronan* v. *Cotting*, 104 Mass. 245, and *Grover & Baker Sewing Machine Co.* v. *Clinton*, 5 Biss. 324, hold that even a factor, who has the right to mix the funds and use the

balance, is not discharged.  But no case can be found which decides that an agent, who holds money for a specified purpose, does not sustain a fiduciary relation.

*S. M. Shelton*, for the defendant in error.

The object of the bankrupt law is to relieve the bankrupt of all debts due by him at the time of filing his petition, with certain specified exceptions.  The exception involved in this controversy is embraced in the section of the statute referred to by opposing counsel.  Following the construction of a similar section of the Bankrupt Act of 1841, by the Supreme Court of the United States, in the case of *Chapman* v. *Forsyth*, 2 How. 202, the latest and best authorities hold that only debts created in cases of express or technical trusts are embraced in that exception.  *Neal* v. *Clark*, 95 U. S. 704; *Keime* v. *Graff*, 17 B. R. 319; *Grover* v. *Clinton*, 8 B. R. 312; *Cronan* v. *Cotting*, 104 Mass. 245.

CHALMERS, J., delivered the opinion of the court.

J. & T. Green, bankers in the city of Jackson, forwarded for collection to J. M. Chilton, their correspondent and agent, at Clinton, certain drafts and notes which had been intrusted to them by their foreign correspondents.  Chilton collected the paper, appropriated the proceeds to his own use, and now, to this suit by the Greens to recover the amount from him, interposes a plea of a discharge in bankruptcy, granted him since the reception of the money.  The legal question presented is whether the liability was a fiduciary debt within the meaning of the bankrupt law, and therefore not dischargeable in bankruptcy.

It was held in *Chapman* v. *Forsyth*, 2 How. 202, that the words "fiduciary debts," used in the bankrupt law of 1841, embraced only liabilities arising under technical or express trusts strictly so called, and not implied trusts or those springing from contract.  This construction would exclude from the operation of the words the liability here involved.  It was held in the case of *In re Kimball*, 2 B. R. 204, 354, both by the District and Circuit Courts for the Southern District of New York, that the Bankrupt Act of 1867 was broader than that of 1841, and that all debts were to be considered as of a fiduci-

ary character where any element of trust entered into the circumstances of their creation. This decision made by Judge Blatchford, and affirmed by Judge Nelson, has been extensively followed elsewhere; but more recently a different doctrine has prevailed, and it now appears settled that there is no substantial difference between the acts of 1841 and of 1867 in this regard. Such is the express adjudication in *Grover* v. *Clinton*, 8 B. R. 312; *Keime* v. *Graff*, 17 B. R. 319; *Cronan* v. *Cotting*, 104 Mass. 245; and such seems to be the doctrine of the Supreme Court of the United States in *Neal* v. *Clark*, 95 U. S. 704. Adopting the later decisions as affording the proper construction of the act of 1867, it follows that the liability of the defendant was not embraced in the exception as to fiduciary debts, and was released by the discharge in bankruptcy.        *Judgment affirmed.*