Du Pont *et al. v.* Beck.

---

No. 9116.

## DU PONT ET AL. *v.* BECK.

PLEADING. — *Promissory Note.* —*Consideration.*— *Irrelevant Averments.*—*Demurrer.*—A promissory note imports a consideration, and consequently averments in a complaint on such note, concerning the origin and nature of the consideration, are irrelevant and not to be considered on demurrer.

SAME.—*Anticipation of Defence.*—It is not proper, in anticipation of the defence, to aver in the complaint matters which do not aid the statement of the cause of action.

BANKRUPTCY.—*Fiduciary Debt.*—*Discharge.*—*Factor or Commission Merchant.* —The obligation of a factor or commission merchant to his principal for the proceeds of goods sold is not, under the bankruptcy law of 1867, a fiduciary debt, and is, therefore, discharged by a discharge in bankruptcy.

From the Marion Circuit Court.

*P. W. Bartholomew,* for appellants.

*A. T. Beck* and *J. A. Buchanan,* for appellees.

WOODS, J.—The appellants sued the appellees upon a promissory note, alleging that the plaintiffs had consigned goods to the defendants to sell for the plaintiffs, the proceeds of sales to be held by the defendants in trust for and to be paid over to the plaintiffs, less the commission due the defendants for selling; and that on the 23d day of April, 1878, the defendants had in their hands, belonging to the plaintiffs, $2,898, which they had unlawfully and fraudulently converted to their own use, and upon demand refused to pay plaintiffs; and, as an evidence of the indebtedness, executed to the plaintiffs their promissory note, a copy of which is filed with the complaint, etc.

According to the copy given, the note was payable one day after date, to the order of the plaintiffs at Fletcher's Bank, Indianapolis, Indiana.

Contemporaneously with the making of the note, the parties entered into an agreement which is also made an exhibit with the complaint, whereby it was stipulated that the note might be paid in specified instalments, and that the payees should not commence suit on the note so long as the instalments were promptly paid, unless the makers should become insolvent so as to endanger the rights of the payees in any way, in which case they might take such course as would best secure their claim.

This agreement by its terms purports to be upon or annexed to the note.

The defendants each answered a discharge in bankruptcy by the District Court of the United States for the District of Indiana, their discharges bearing date July 9th, 1878.

The court having overruled their demurrers to these answers, the appellants excepted, and have assigned the ruling as error here.

The question discussed by counsel is, whether, upon the

facts stated in the complaint, the debt sued on is shown to be of such a character as to come within section 245 of the bankruptcy act of 1867, R. S. U. S. 1878, section 5117, which reads : " No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in a fiduciary character, shall be discharged by proceedings in bankruptcy ; but the debt may be proved, and the dividend thereon shall be a payment on account of such debt."

The appellants contend that the debt in this instance is shown to have been created by the fraud of the bankrupts, and also while they were acting in a fiduciary character.

Disputing this, counsel for the appellees claim that if it were so the appellants, by taking and suing upon the note, have waived the right so to treat the indebtedness, putting themselves in the position of ordinary creditors, holding the debtor's promise to pay.

It is a familiar rule of practice and pleading, that a demurrer to an answer or reply searches the antecedent pleadings, and, also, that the demurrer admits what is well pleaded, and nothing more.

The ruling upon the demurrers to the answers, therefore, brings under consideration the allegations of the complaint only in so far as they were pertinent and essential to the statement of the cause of action sued on.

The cause of action in this case was the promissory note, which in itself imports a sufficient consideration. The allegations concerning the transactions out of which the consideration arose, and what the consideration was, are irrelevant and immaterial, put in evidently for the purpose of anticipating the defence, but unavailing for that purpose, because, by the rules of good pleading, they ought to be set up, if at all, in the reply, and when found in the complaint must be rejected as surplusage.

But, aside from this view of the pleadings, we are of opinion that the ruling of the court was right.

Vol. 81.—18

Under the law of 1841, it was held that the exception in reference to fiduciary obligations embraced technical or special trusts only, such as those of "executor," "administrator," "guardian" or "trustee," which were named in the act, and that a factor's liability to his principal was not included. *Chapman* v. *Forsythe*, 2 How. 202. The phraseology of the act of 1867, is in this respect somewhat different, and there has been some contrariety of opinion and of decision upon its interpretation; but the weight of authority and the better reason seem to be to the effect that the latter act is in substance and effect a re-enactment of the former in this particular, and, therefore, to be construed as including in the class of "fiduciary" debts technical trusts only, and not those implied by law from contracts of agency or bailment. See following cases, and cases cited therein: *Woodward* v. *Towne*, 127 Mass. 41 (S. C. 34 Am. R. 337); *Hennequin* v. *Clews*, 77 N. Y. 427 (S. C. 33 Am. R. 641); *Green* v. *Chilton*, 57 Miss. 598 (S. C. 34 Am. R. 483); *Woolsey* v. *Cade*, 54 Ala. 378 (S. C. 15 N. B. Reg. 238, and 25 Am. R. 711); *Curtis* v. *Waring*, 92 Pa. St. 104. See also *Desobry* v. *Tête*, 31 La. An. 809 (S. C. 33 Am. R. 232).

Judgment affirmed, with costs.