ZEPERINK and others *v.* CARD and another.[*]

*(Circuit Court, E. D. Missouri. March 24, 1882.)*

BANKRUPTCY—PRINCIPAL AND AGENT—REV. ST. § 5117.

> Where a commission merchant, as agent of the owner, sells goods and fails, without fraud but because of insolvency, to account for the proceeds of the sale, and subsequently becomes a bankrupt and receives his discharge in bankruptcy, the proceedings in bankruptcy will discharge his debt to his principal.

Suit in an Account against Factors.

The answer sets up a discharge in bankruptcy, and alleges, among other things, that the plaintiffs proved up their claims in bankruptcy, received dividends, and did not object to defendants receiving their discharge. It also denies fraud. Demurrer to answer. The other material facts are sufficiently stated in the opinion of the court.

[*]Reported by B. F. Rex, Esq., of the St. Louis bar.

*W. B. Homer* and *R. M. Nichols,* for plaintiffs.

*Noble & Orrick,* for defendants.

McCRARY, C. J., *(orally.)* This is a suit upon an account. The defendants set up as their defence a discharge in bankruptcy. The plaintiffs demur to this answer, and the question is whether the discharge is good as against the indebtedness which is the foundation of the suit. The answer admits that said indebtedness was contracted in the course of defendants' dealings with the plaintiffs. They (defendants) were acting as plaintiffs' factors in the capacity of commission merchants. It does not appear from the answer that the debt grew out of a single transaction, but it does appear that it is a balance due for the proceeds of sales of iron which was sent to the defendants as commission merchants, to be sold and accounted for by them to the plaintiffs. The question is whether the debt thus contracted was, within the meaning of section 5017 of the Revised Statutes, a debt contracted by the defendants "while acting in a fiduciary capacity." That section is as follows: "No debt created by fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in a fiduciary capacity, shall be discharged by proceedings in bankruptcy, but the debt may be proven, and the dividends thereon shall be a payment on account of the debt."

Upon the question whether a debt contracted by a commission merchant, by his failure to account for the proceeds of goods sold by him as such, is within this section, there is a great conflict in the authorities. The affirmative is maintained by the following, among other cases, viz.: *In re Seymour,* 1 Blatchf. 352; *In re Kimbal,* 2 Ben. 554; S. C. on appeal, 6 Blatchf. 292; *Treadwell* v. *Holloway,* 46 Cal. 547; *Meador* v. *Sharpe,* 54 Ga. 125; *Jones* v. *Russell,* 44 Ga. 460; *Whitaker* v. *Chapman,* 3 Lans. 155; *Lemcke* v. *Booth,* 47 Mo. 385; *Banning* v. *Bleakley,* 27 La. Ann. 257; *Brown* v. *Garrard,* 28 La. Ann. 870.

The negative of the proposition has been mentioned in the following, among other cases, viz.: *Cronan* v. *Colting,* 104 Mass. 248; *Grover & Baker S. M. Co.* v. *Clinton,* 8 N. B. R. 312; S. C. 5 Biss. 512; *Kime* v. *Graff,* 17 N. B. R. 319; *Owsley* v. *Cobin,* 15 N. B. R. 489.

It would serve no useful purpose for me to enter into an elaborate discussion of this question, as little could be said on either side of it which is not to be found in the cases already referred to. The amount involved is large enough to enable the parties to take the case to the supreme court of the United States, and there have the

question, which is important and doubtful, finally settled. It is sufficient for the present to say that in my judgment the better reason and also the greater weight of authority supports the position of the defendants, and we therefore hold that the discharge pleaded is a bar to the action, and overrule the demurrer to the answer.

Counsel for defendants can take an exception.