No. 11,271.

## GODDIN v. NEAL.

BANKRUPTCY.—*Discharge.*—*Trust and Trustee.*—A judgment on a demand for money had and received, not shown to have been based on a technical or express trust, is barred by a discharge in bankruptcy.

From the Superior Court of Marion County.

*H. Dailey, W. N. Pickerill, J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellant.

*J. C. Denny* and *I. L. Bloomer,* for appellee.

FRANKLIN, C.—Appellant sued appellee upon a judgment rendered in the court of common pleas in Jefferson county, Kentucky.

The defendant pleaded a subsequent discharge in bankruptcy. The plaintiff replied that the judgment was upon a debt of trust, and not discharged by the bankrupt law. A

demurrer was overruled to the reply. There was a trial by the court, finding for the defendant, and, over a motion for a new trial, judgment was rendered for the defendant. An appeal was taken to the general term of the superior court, where the judgment of the special term was affirmed, and the cause appealed to this court.

The error assigned here is that the court in general term erred in affirming the judgment of the special term; and the error that was assigned in the special term was, that the court erred in overruling the motion for a new trial. The reasons stated for a new trial were, that the finding of the court was contrary to law, and not supported by sufficient evidence.

There is no question before us in relation to the sufficiency of the pleadings. The objections to the complaint, elaborately discussed by appellee's counsel, as claimed to arise under the overruling of the demurrer to the reply, have not been brought before us by any assignment of cross errors, and can not be considered in this court.

The only questions for us to consider under the assignment of error are as to the sufficiency of the evidence and the legality of the finding.

The only evidence introduced upon the trial was the transcript of the judgment, pleadings and proceedings in the common pleas court of Jefferson county, Kentucky, the subsequent discharge in bankruptcy, and the schedule filed by the defendant in the bankruptcy court of the debts that he asked to be discharged from, which schedule included the plaintiff's judgment.

The judgment shows nothing about its being for a debt of trust, and it is insisted by appellee that in an action upon an ordinary judgment for a debt, the court can not go behind the judgment to inquire into the nature of the indebtedness; that the old debt has been merged into the judgment, and becomes a new one, and must stand or fall in its new character.

Without discussing or deciding this question, we do not think that the facts, as alleged in the complaint upon which

the judgment in Kentucky was rendered, make the debt one of trust, such as is exempt from the operation of the bankrupt law. According to the allegations of said complaint, the debt grew out of a collision of two steamboats upon the Mississippi river, owned by the respective parties, in which plaintiff's boat was badly injured, and defendant's boat assisted in saving the cargo of plaintiff's boat.

To adjust all matters between them growing out of the collision, it was agreed that it should be submitted to the Underwriters, at New Orleans, as to how much the defendant should be allowed as salvage for assisting in saving the cargo, and how much the plaintiff should be allowed for the injury to his boat. The parties further agreed that whatever should be allowed the plaintiff for the injury to his boat should be first taken from the amount allowed defendant for assisting in saving the cargo, and the balance allowed defendant should be equally divided between them; that the balance allowed the defendant over and above the claim allowed the plaintiff was $9,915; that the defendant collected from the Underwriters the whole amount of said balance, and refused to pay the plaintiff any part thereof. Upon the plaintiff's claim for one-half of said balance, the judgment in Kentucky was rendered by default.

The bankruptcy act of 1867, section 5117, R. S. U. S., provides: "No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy."

This statute, in the case of DuPont v. Beck, 81 Ind. 271, was held "to be construed as including in the class of 'fiduciary' debts technical trusts only, and not those implied by law from contracts of agency or bailment." See authorities therein referred to. In the claim under consideration we see nothing of the nature of a technical or express trust, or of a "fiduciary" character. The claim for salvage was allowed the defendant in his own name; the Underwriters were not

Goddin *v.* Neal.

parties to the agreement to divide the balance of defendant's claim; after deducting the plaintiff's claim the defendant received such as all rightfully coming to him from such Underwriters; and if he afterwards failed to keep an agreement to pay the plaintiff one-half thereof, it was no more than a breach of any other kind of agreement would be. True, it may be bad faith to violate any kind of agreement, but that is not what is contemplated by the bankruptcy statute.

There is no indication of any bad faith in the bankruptcy proceedings. Plaintiff's judgment was included in defendant's schedule of unsecured creditors, from which he asked to be discharged in bankruptcy. Plaintiff's residence was given therein, and he was doubtless notified of the fact. There was an adjudication thereon, and the defendant was discharged from such indebtedness.

We think the evidence sustained the finding of the court, and that the finding was not contrary to law. There was no error in the superior court in general term in affirming the judgment in special term. The judgment of the general term ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the lower court in general term be and the same is in all things affirmed, with costs.

Filed Oct. 9, 1884.

## ON PETITION FOR A REHEARING.

FRANKLIN, C.—Appellant, in his petition for a rehearing, insists that this court erred in the opinion herein, in holding that the evidence did not show that the fund herein sued for was a trust fund, and exempt from the operation of the bankrupt law. The only question presented is as to the sufficiency of the evidence. The only evidence introduced was a transcript of the proceedings and judgment in Kentucky, upon which this suit is brought, and a transcript of the proceedings in the bankruptcy court in Indiana.

The judgment says nothing about the nature of the fund upon which it was rendered; and whether it was a merger of all previous contracts or not need not be decided, and we decide nothing in relation to that question.

If the appellant is permitted to go behind the judgment and inquire into the nature of the claim sued upon, there is still a failure in the evidence to show it to be a trust fund.

The complaint upon which the Kentucky judgment was rendered by default consisted of two paragraphs. The first a specific one, attempting to set out the facts; the second was a common count for money had and received. The alleged facts in the first are set out in the original opinion, and are therein stated as favorably, if not more favorably to appellant than the averments of the first paragraph warrant; and they still fail to show the claim to be a trust fund as is shown in the original opinion, and is sustained by the authority in the case of *DuPont* v. *Beck*, 81 Ind. 271.

The same view is taken of this question in the case of *Neal* v. *Clark*, 95 U. S. 704, and in which the court approved the same construction of the bankruptcy act of 1841 as given in the case of *Chapman* v. *Forsyth*, 2 How. 202, in which the court says: "If the act embrace such a debt, it will be difficult to limit its application. It must include all debts arising from agencies; and indeed all cases where the law implies an obligation from the trust reposed in the debtor. Such a construction would have left but few debts on which the law could operate. In almost all the commercial transactions of the country, confidence is reposed in the punctuality and integrity of the debtor, and a violation of these is, in a commercial sense, a disregard of a trust. But this is not the relation spoken of in the first section of the act."

The foregoing language we think alike applicable to the proper construction of all the bankruptcy laws passed subsequent to that of 1841. But the complaint was composed of the common count as well as the specific paragraph; and this court can not determine whether the judgment was rendered

upon the common count or the specific paragraph in the complaint, or both. If, upon the common count, there can be no pretence that there was any evidence even tending to show that the claim, upon which the judgment was rendered, was for a trust fund.

The bankruptcy proceedings included this judgment, and the defendant was discharged from all liability therefor. We think the evidence supported the finding of the court, and the petition for a rehearing ought to be overruled.

PER CURIAM.—It is therefore ordered, that the petition for a rehearing be overruled.

