## In re BASCH.

(District Court, S. D. New York. November 25, 1899.)

1. BANKRUPTCY—FIDUCIARY DEBTS—COMMISSION MERCHANT.

A debt due by a bankrupt in the character of a commission merchant, arising out of his failure to account for the value of goods consigned to him for sale on commission, on a contract to return the goods or their specific proceeds, is not a debt created by the bankrupt's "fraud, embezzlement, misappropriation, or defalcation while acting in a fiduciary capacity," and therefore will be released by his discharge in bankruptcy.

2. SAME—STAY OF SUITS BEGUN AFTER ADJUDICATION.

A court of bankruptcy has jurisdiction to stay the prosecution of an action against the bankrupt in a state court, on a debt from which his discharge would be a release, pending the determination of the question of his discharge, though the action was begun after the filing of the petition in bankruptcy.

In Bankruptcy. On application for stay of proceedings in state court.

William Riley, for bankrupt.

Benjamin & Loeser, opposed.

BROWN, District Judge. A motion is made in behalf of the bankrupt to stay prosecution of a suit in the state court to recover the value of goods consigned to the bankrupt for sale upon commission upon an alleged contract to return the goods or their specific proceeds, and a conversion thereof.

Under the prior bankruptcy acts of 1841 and 1867, after conflicting adjudications in the courts below, it became definitely settled by the decisions of the supreme court, that debts excepted from the effect of a discharge in bankruptcy on the ground that they were created by fraud, or defalcation, or while acting in a fiduciary capacity, did not embrace debts arising in commercial dealings between principal and agent or factor for the sale of goods on commission. Loveland, Bankr. pp. 625–627; Chapman v. Forsyth, 2 How. 202; Neal v. Clark, 95 U. S. 704; Hennequin v. Clews, 111 U. S. 676, 4 Sup. Ct. 576; Upshur v. Briscoe, 138 U. S. 365, 11 Sup. Ct. 313; Ames v. Moir, 138 U. S. 306, 11 Sup. Ct. 311. See, also, In re Smith, 9 Ben. 494, 22 Fed. Cas. 388; Keime v. Graff, 17 N. B. R. 319, 14 Fed. Cas. 218; Owsley v. Cobin, 15 N. B. R. 489, 18 Fed. Cas. 929; Zeperink v. Card (C. C.) 11 Fed. 295.

The provisions of section 17 (4) of the present bankrupt act as to the debts excepted from the operation of the discharge, are so nearly identical with the language of the preceding acts, that these provisions must be deemed to be used in the sense adjudicated by the above

decisions, so as not to except a debt or claim for a technical conversion, or sale on commission, like the claim of the present creditor.

The term "misappropriation" in the present act, is even less appropriate to the transaction sued on, than the term "fiduciary capacity"; and the reasoning in the cases cited that excludes the latter, excludes the former also.

The stay of suits against the bankrupt pending the bankrupt proceedings, is absolutely necessary to give effect to the bankruptcy act. Section 11 expressly extends the power to stay proceedings to suits even that were commenced before the petition was filed; and this in connection with section 2 (15), necessarily includes suits on provable debts commenced after the petition was filed and while the bankruptcy proceedings are pending, as the greater power includes the less.

The debt being contracted prior to the adjudication, the creditor is a party to the proceedings in bankruptcy. If the bankrupt obtains his discharge, the creditor will be bound by it, and his debt barred. The creditor cannot acquire any preference, or an exemption from the operation of the discharge, merely by commencing a suit after the adjudication and obtaining judgment. To permit such suits could not possibly, therefore, subserve any useful purpose, while it would involve additional costs, and might be the source of complication and embarrassment to the bankrupt upon the specious contention that the prior debt was merged in the judgment subsequent to the adjudication, and that consequently the judgment was not barred; or the bankrupt's property, acquired after the adjudication, might be illegally sought to be levied upon under it. As the permission of such suits can be of no lawful use to the creditor, but can lead only to the annoyance of the debtor or the obstruction of the bankrupt act, such suits should be enjoined where the claim would be barred by the bankrupt's discharge. Loveland, Bankr. p. 79. The stay is granted.