BANK OF ROTHVILLE, DEFENDANT IN ERROR, v. R. R. ZALEUKE, PLAINTIFF IN ERROR.*

Kansas City Court of Appeals.   June 6, 1927.

*Corpus Juris-Cyc References: Bankruptcy, 7CJ, p. 307, n. 43; p. 349, n. 74, 76 New; p. 404, n. 50; p. 413, n. 33.

*J. C. Collet* for defendant in error.

*G. Derk Green* and *J. D. Allen* for plaintiff in error.

ARNOLD, J.—This is an action for debt evidenced by two promissory notes payable on demand.

Plaintiff is a banking institution located at Rothville, Chariton county, Missouri, and defendant is, or was, a section foreman in the employ of the Atchison, Topeka & Santa Fe Ry. Co., and resides in said county. One of the above-mentioned notes was for the sum of $100, dated March 2, 1925, and the other for $25, dated May 4, 1925. The total amount unpaid on the two notes was $29.75 and judgment was sought for that amount. It appears suit was instituted May 31, 1926, in the court of one O. Leroy Mayhugh, a

justice of the peace in said county, to collect the balance due on said notes, and defendant's wages in the hands of the railroad company were attached by garnishment.

On application of defendant a change of venue was taken to another justice of the peace in said county. After a plea to the jurisdiction made by defendant was overruled, judgment was entered for plaintiff in the sum of $29.75 with interest and costs of suit. On appeal to the circuit court the cause was tried to the court, resulting in judgment for plaintiff in the sum of $30.50, with interest and costs.

Defendant, appearing in the circuit court on November 5, 1926, filed his motion to dismiss the action and as reason therefor alleged defendant had been adjudged a bankrupt on July 17, 1925, in the U. S. District Court in and for the Northern Division of the Eastern District of Missouri, and that said court had still retained jurisdic-tion of said cause in bankruptcy, and that the demands forming the basis of the present action were such as would be barred by a discharge in said bankruptcy court; that no such discharge had been granted but was pending and that plaintiff had time to file its claim there. This motion was overruled.

Defendant thereupon filed application and affidavit for change of venue charging bias and prejudice of the inhabitants of Chariton county, but after hearing evidence in support thereof, the application was denied. Thereafter defendant filed application for a change of venue, charging bias and prejudice of Hon. J. E. Montgomery. judge of said court, against the defendant. Upon a hearing on said application the same was denied upon the ground that the docket fee had not been paid. The cause then proceeded to trial with the result above indicated. A motion for a new trial was overruled and the cause is before us on a writ of error.

Appellant presents eleven assignments of error but the solution of the first, to-wit, that the court erred in overruling defendant's motion to dismiss the action and his plea to the jurisdiction will determine them all. There is no dispute as to the material facts in the case, but as to the application of the law to the facts there is much controversy. It is urged by defendant, and is the law, that when a Federal court in a bankruptcy proceeding has acquired jurisdiction, a State court cannot render a judgment, jurisdiction of the cause being lodged in the Federal and not the State court. [Black on Bankruptcy (1926 Ed.), p. 135, sec. 90, and p. 475, sec. 364; Putnam v. Coleman, 277 S. W. 213.]

The undisputed testimony shows that defendant was adjudicated a bankrupt on July 17, 1925, and after such adjudication defendant made three payments on one of the notes on August 17, September 14 and November 3, 1925. Defendant did not respond to letters asking further payments and this suit was instituted on May 31,

1926. It appears in evidence that plaintiff's cashier, Mr. Miller, learned by rumor of the bankruptcy proceedings and called upon defendant in the latter part of July or first of August, 1925, when he was told, so he testified, that the bankruptcy proceeding was not intended to apply to plaintiff's claim and that defendant would pay it. The claim was not formally listed in the bankruptcy court as a liability. There was no intimation given plaintiff prior to a few days preceding the trial in the justice's court July 1, 1926, that defendant intended to violate his agreement with Mr. Miller, the plaintiff's representative, that the bankruptcy proceedings should not affect plaintiff's debt.

After the instant suit had been filed the cashier of plaintiff, through counsel for defendant, received the general notice in bankruptcy, dated July 18, 1925, notifying him that on July 17, 1925, defendant had been declared a bankrupt and that a meeting of the creditors would be held in the office of the referee in bankruptcy at Hannibal, Mo., on July 31, 1925, at 10 A. M., at which time the creditors might attend and prove their claims. And on June 24, 1926, counsel for defendant addressed a letter to plaintiff bank, stating in part:

"You now have until the 17th of July, 1926, to file and prove your claim. At that time a final discharge will be asked and your demand will be forever barred.

"Upon investigation I have found that you knew of the bankruptcy proceedings in this case shortly after the filing of the petition, but in order that there be no question of it I thought best to inform you of the facts in this way."

With this letter counsel enclosed one addressed to him by the referee in bankruptcy, dated June 22, 1926, as follows:

"Mr. G. Derk Green,
    "Marceline, Mo.

                          "In re: R. R. Zaleuke, Bankrupt.
"Dear Sir:

"The bank has one year in which to file its claim and as adjudication was on July 17, 1923, they would have until July 17, 1926, to file. Of course this would not avail the bank anything, as there were no assets for general creditors. It would seem that if the bank were duly scheduled with proper address their claim would be barred by the discharge, and if its claim was not scheduled, but they had actual knowledge of the pendency of the proceeding within the year allowed by law to prove their claim, they would equally be discharged of their claim. Therefore, it would be necessary to get notice to the bank of the pendency of the bankruptcy proceeding before the year expires.

                          "Yours very truly,
                    "John L. Plowman, Referee."

It appears that on July 12, 1926, defendant filed his petition for discharge and by endorsement upon the back of a certified copy thereof, a hearing on the same was set for the December, 1926, term of the court, but we find in the record no formal order of discharge. The rule is that a debt existing at the time of the adjudication in bankruptcy is provable and a discharge is a bar thereto even though it is not duly scheduled, if the creditor had actual knowl‑ edge of the bankruptcy proceedings. [Bankruptcy Act of 1898, sec. 17, Vol. 30, U. S. Stat. at L., p. 550; Atkinson v. Elmore, 103 Mo. App. 493, 77 S. W. 42; Black on Bankruptcy (1924 Ed.), p. 1527, sec. 1211.]

A suit may not be maintained in a State court against a bankrupt on a claim existing at the time of the adjudication, either upon an old debt or a new promise to pay. [Black on Bankruptcy (1926 Ed.), p. 1564, sec. 1244, p. 475, sec. 364.] The suit having originated in a justice court where formal pleadings are not required, this court is somewhat handicapped in determining whether the suit was based upon notes mentioned, or upon a new promise to pay the indebted‑ ness. Defendant contends this suit is based upon the notes and not upon any new promise, while plaintiff's position is that the suit is based upon the promise to pay given after the adjudication and before discharge.

We think defendant's contention in this respect is correct. The record shows the statement filed in the justice court is as follows:

"Plaintiff states that defendant borrowed $125 from the Bank of Rothville and gave his notes for said amount. They being at‑ tached to and made a part of this statement. That part of the said $125 has been paid, leaving a remainder of $29.75 which is still due. And that demand has been made for same, whereas demand has been refused.

"Therefore plaintiff prays for judgment for $29.75 plus interest from June 1, 1926, together with costs of suit, and also for garnish‑ ment against defendant, and names the Atchison, Topeka & Santa Fe Railway Company garnishee.

"(Signed) Bank of Rothville,
"By H. H. Miller, Cashier, Plaintiff."
"May 31, 1926.

The cause seems to have been tried upon the theory that the suit was based upon the notes which were attached to and made a part of the statement just quoted. Furthermore the judgment rendered shows beyond doubt that it was based upon the theory advanced by defendant. The judgment is as follows:

"Come now parties and answer ready for trial, jury waived, cause submitted to the court upon plaintiff's petition and defendant's answer. The court being fully and sufficiently advised finds that

this suit is based upon a promissory note and finds the issues for the plaintiff.

"Wherefore it is ordered, adjudged and decreed by the court that plaintiff have and recover judgment against the defendant in the sum of $30.50, tog'ether with interest at eight per cent. from date and costs, and that execution issue."

Plaintiff cites the general rule found in 7 C. J. 732, p. 413, to the effect that: "The promise must have been made before the commencement of the action thereon; but it has been held that a promise made after the adjudication, but before the discharge, is not impaired by the subsequent discharge."

This rule applies, of course, where the suit is bottomed upon the new promise. However, it!must be held that this situation does not obtain here, the suit being based upon the notes remaining partly unpaid at the time of the adjudication in bankruptcy. We think the fact that defendant made some partial payments on the notes after such adjudication and before discharge does not alter the situation. The rule is tersely stated in Black on Bankruptcy (1926 Ed.), p. 1564, sec. 1244:

"Where a new promise is made after the adjudication in bankruptcy, but before the end of the proceedings, the creditor cannot prove a claim on it in the bankruptcy, nor sue on it until the question of the bankrupt's discharge has been determined."

And on p. 475, sec. 364, the same authority declares: "It may be stated as a general rule that, after an adjudication in bankruptcy and until the determination of the question of the bankrupt's discharge, no suit can be commenced against him in any court. He is *civiliter mortuus*, and the bankruptcy proceedings supersede the ordinary remedies of creditors. Also it is said that the court of bankruptcy has jurisdiction to stay the prosecution of an action against the bankrupt in a State court, on a debt from which his discharge would be a release, pending the determination of the question of his discharge, although the action was not begun until after the filing of the petition in bankruptcy. [In re Basch (D. C. N. Y.), 97 Fed. 761.]"

While the record shows plaintiff had no formal notice direct from the referee in bankruptcy of the adjudication of defendant a bankrupt, yet plaintiff admits knowledge of the fact within time to have filed its claim in the regular order. It is not!disputed that plaintiff did not file such claim. In view of the facts in the case and the law applicable thereto, above cited, we hold defendant's plea to the jurisdiction should have been sustained. In view of this ruling the other points urged by plaintiff need not be discussed. The judgment is reversed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.