W. C. JONES and M. O'DOWD, plaintiffs in error, vs. H. F. RUSSELL, Mayor, etc., for use, etc., defendant in error.

H. F. RUSSELL, Mayor, etc., plaintiff in error, vs. CLARENCE WALKER et al., defendants in error.

Clarence V. Walker was elected an auctioneer of the city of Augusta, and executed his bond as required by law. During his term as such auc· tioneer he sold certain properties entrusted to him, and failed to pay over to the parties the proceeds. Walker and his securities upon the bond were sued, and the main question raised by the pleadings, and which is embraced in the two writs of error filed in this case is, that Walker pleaded . his discharge in bankruptcy, which the Court allowed, and the sureties relied on the discharge of their principal for their discharge, which the Court disallowed.

We hold that the Court erred in holding that Walker was discharged un· der the facts in this case. The 33d section of the Bankrupt Act, March 2, 1869, provides "that no debt created by the fraud and embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this Act." Waiving the question as to whether or not Walker was a public officer under the Act of December 24th, 1827, we are clear in the opinion that the debt sued on was created while acting in a fiduciary character, and therefore did not entitle the discharge of the principal in this case.

Held again, That the sureties on the bond were liable under the facts.

Bankruptcy. Sureties. Before Judge GIBSON. Richmond Superior Court. June Term, 1870.

In 1867, Walker became an auctioneer in Augusta, Georgia. As such, he gave bond conditioned as follows :

"Now, if the said C. V. Walker, his executors, administrators and assigns, shall faithfully pay all duties and taxes, which are now or may hereafter be imposed upon sales at vendue, by any law of said State or ordinance of said city, and shall pay over all moneys, and transfer and deliver all notes, bonds, obligations and other valuable thing or things, received by him for merchandise, or other property sold at vendue or at private sale, to the owner or owners of the same, or to his, her or their legal representatives, upon demand, made for the proceeds of such sale, and shall also obey

Jones and O'Dowd *vs.* Russell.

every lawful order which the said C. V. Walker may receive from the owner or owners of any merchandise or other property placed in his hands, respecting the sale or disposition of the same, and shall do and perform all other act or acts required of him, as vendue master, during his continuance in office, by the laws of said State and the ordinances of said city, then the above obligation to be void, else to remain in full force and virtue."

As such auctioneer, he was entrusted with goods for sale, and sold them. Afterwards, he was discharged as a bankrupt, under the Act of Congress of 1867, without having paid the proceeds of said goods to their owner. The owner sued, in the name of the Mayor, for his use, Walker and his sureties for said proceeds. They pleaded Walker's said discharge. The Court held that Walker was discharged from this debt, but that his securities were not. This is assigned as error.

JOSEPH P. CARR and J. C. C. BLACK, for Jones. O'Dowd and Walker were released from this debt: Bankrupt Act of 1867, sec. 34. Walker was not covered by any exception in the bill : section 33. He was no public officer : 35 Ga. R., 285 ; 4 Wal., S. C. R., 333 ; R. Code, sec. 1438. He is not a fiduciary : 2 How. R., 202 ; 7 Metcalf R., 328 ; 100 Mass. R., 498 ; 15 Gray, 347 ; 7 Alabama R., 335. As to trusts : R. Code, secs. 2023, 2307, 2085, 2079. As to fraud or embezzlement : 4 B. R., 15 ; 2d, 11 ; 102 Mass. R., 429. As to sureties : 1 Kelly, 36 ; 6 Ga. R., 303 ; 7th, 31 ; 38th, 224 ; 4 Md. R., 114 ; 100 Mass. R., 450.

HILLIARD & KING ; F. MILLER, *contra.* Auctioneer's failure to pay proceeds of goods sold by him was embezzlement: R. Code, sec. 4356. Auctioneer is officer : Act 24th Dec., 1867 ; 3 McL., 485. The auctioneer was a fiduciary : 6 Int. Rev. Record, 61 ; 2 Bank. Reg., 74, 114 ; Bump's Bankruptcy. 440.

Jones and O'Dowd *vs.* Russell.

LOCHRANE, Chief Justice.

The legal question raised by the record in these cases, argued together, is the right of Walker to be discharged from his liability for the amount claimed to be due the plaintiff, from the fact of his having been discharged as a bankrupt. It appears from the record that during his term as auctioneer of the city of Augusta, he had disposed of the goods entrusted to him by the plaintiff, and this suit was instituted to recover the proceeds.    The 33d section of the Bankrupt Act, of March 2d, 1869, provides that certain classes of claims, originating in fraud, embezzlement, defalcation, or while acting in a fiduciary character, shall not be discharged by the discharge of the bankrupt ; and the first question to be determined, is whether this claim falls within this section of the Bankrupt Act.    It is admitted that he was acting as an auctioneer of the city of Augusta, and I am of opinion, personally, that he came within the definition of a public officer, under the Act of 1827.    But, as the discussion of this subject is not essential to the decision of the case, we need not enlarge upon it.    In the opinion of the Court, this debt sued on was created while the defendant was acting in a fiduciary capacity or character, and, therefore, it was error in the Court below to have sustained the plea of his discharge in bankruptcy, as such discharge did not enure to the defendant as a protection against a debt created while he was acting in a fiduciary capacity.

It being the opinion of the Court that Walker was not discharged, it follows that his sureties was not entitled to be relieved of their liability on his official bond, and we affirm the judgment holding them liable.    Judgment reversed in the case of the Mayor, etc., *vs.* Walker *et al.*, and affirmed in the other case, Jones, etc., *vs.* Russel, Mayor, etc.