HILL, administrator, *vs.* SHEIBLEY.

Where one received money from another to be invested on their joint account in purchasing real estate, and in case they made no investment, to be returned, a fiduciary debt was not thereby created, so as to avoid the operation of the bankrupt act of 1867.

(*a.*) Such facts did not create the party receiving the money a trustee or agent, but a partner; and hence are not covered by the cases touching agents.

Bankruptcy. Contracts. Partnership. Principal and Agent. Fiduciary Debts. Before Judge UNDERWOOD. Floyd Superior Court. September Term, 1881.

Hill, as the administrator of Joseph A. Davis, brought suit against Sheibley on the following receipt given by Sheibley to Davis :

" Received, Rome, August 13, 1866, of Dr. Joseph A. Davis, five hundred dollars to be appropriated on joint account to buying property in the city of Rome ; in case of no investment to be returned,

    (Signed)                                P. M. SHEIBLEY."

On the trial, the jury found for the plaintiff. The defendant moved for a new trial, on the following among other grounds :

(1.) Because the verdict is contrary to law and evidence.

(2.) Because the defendant was discharged from the debt sued on by his discharge in bankruptcy; and said verdict was contrary to and in conflict with the 4th paragraph, 8th section, article 1 of the constitution of

the United States, by which it is provided that congress shall have power to establish uniform laws on the subject of bankruptcy throughout the United States; and contrary to the act of Congress and the amendments thereto establishing a uniform sytem of bankruptcy throughout the United States, passed on the 2d day of March, 1867, and the several bankrupt acts and amendments thereafter passed, and all of which were passed in pursuance of said provision in said constitution; and contrary to the evidence and amended plea of defendant filed on the 12th day of April, 1881.

(3.) Because the verdict is contrary to the following charge of the court: " Where the question of fraud is made in any case, the burden of proof is on the party alleging the fraud, and in a case like this there must be proof of positive fraud involving moral turpitude; proof of implied fraud will not do; proof that the defendant received the money to be appropriated on joint account to buying property in Rome, and that he did not so invest it, and his failure to pay it back, does not make a case of actual or positive fraud, and does not bring the debt within the operation of the exception named in the statute on the subject of fraud."

(4.) Because the verdict is contrary to the following charge of the court : " If the money was received by the defendant to be appropriated on joint account to buying property in Rome, and if no investment was made, and the money was not paid back, this would not make the debt one created by defendant while acting in a fiduciary character, and the defendant is discharged from it by his discharge in bankruptcy."

The plaintiff contended that money was held by Davis in a fiduciary capacity, and, therefore, that it was not within the provision of the bankrupt act of March 2d, 1867.

There was much conflicting testimony, which it is not necessary to set out.

The court granted the motion for a new trial, and the plaintiff excepted on the following grounds:

(1.) Because the court erred in granting a new trial on all of the grounds stated in the motion for a new trial.

(2.) That the court erred in granting a new trial in said case upon the ground that the debt sued on is discharged by the discharge of the defendant in bankruptcy.

DABNEY & FOUCHE; J. BRANHAM, for plaintiff in error.

A. R. WRIGHT; C. N. FEATHERSTON, for defendant.

JACKSON, Chief Justice.

When this case was last here—64 *Ga.*, 529—the legal effect of the defendant's discharge in bankruptcy was not positively ruled as to this debt; the decision rested then on another controlling point, rendering it unnecessary to decide this, though it was alluded to in the opinion. On the trial now for review, the court below put its grant of a new trial specifically on the point that the defendant's discharge in bankruptcy operated to discharge his liability on this receipt or note, it not being "fiduciary" in the sense of that term as employed in the bankrupt act of 1867, so that the decision of the question is imperative now. It was postponed then in the expectation that the supreme court of the United States would make such a ruling as would control it and the like points in similar cases, but no case has been decided by that court which throws more light on the point than that in 5th Otto, 704, alluded to in the 64th *Ga.*, in this case.

This court has gone to the extent of holding that an auctioneer, a commission-merchant and an executor, in the use of funds, goods, etc., entrusted to them are fiduciary agents, and debts due from these classes of trustees are fiduciary debts. 44 *Ga.*, 460; 54 *Ib.*, 125; 60 *Ib.*, 523.

We adhere to the judgments thereon made, and shall apply the principle to all cases of kindred character, until we are clearly satisfied that the supreme court of the United States holds adversely to our view. We cannot, however, shut our eyes to the fact that the current of authority in the federal and state courts runs counter to the view this court has taken, and, therefore, it would be unwise in this court to extend the principle beyond the class of cases within those enumerated above, or clearly analagous to them.

Those cases cover agents whose general business is to deal with the property of others, entrusted to them for that purpose, and it still appears to us that they are, from the very nature of their employment, trustees, and the debts contracted by them or owing by them from their business, and the confidence placed in them in that business, are fiduciary, and were contracted in that capacity.

But this case comes within neither of the classes ruled by this court as within the exceptions of the 33d section of the bankrupt act of 1867. The defendant was to apply the money to his own use in part. It is in effect a case where one man entrusted to another money for a joint or partnership speculation in real estate in Rome, and the debt sued on is owing for that money. To extend the principle to this case would be to extend it to every case of partnership where one put in money and the other skill and labor, and indeed to every case of partnership where one partner got hold of the contribution of the other, and misapplied it.

We cannot say, then, that the court erred in ruling that this debt is not fiduciary in the meaning of the act. As to fraud, there is no more fraud here than in all cases where a man gets another's money or property into his possession, and, misapplying it, fails to repay it when it is demanded. This point in this case seems to be directly within the ruling in 5th Otto, 704.

So that our conclusion is that the court below was right in granting the new trial, and the judgment is affirmed.

Cited for plaintiff in error: Rev. Stat., U. S., 5117; 8th Ed. Bump's Bank., 722; 15 Ill., 547; 13 Otto. 103; 10 R. I., 261; 42 Texas, 1; 44 *Ga.*, 460; 54 *Ib.*, 125; 60 *Ib.*, 533; *Gilreath & Son vs. Holston Salt and Plaster Co.*, Sept. Term, 1881.

For defendant: 57 *Ga.*, 232; 64 *Ib.*, 529; 44 *Ib.*, 460; 54 *Ib.*, 125; 60 *Ib.*, 523; 49 *Ib.*, 127; 56 *Ib.*, 570; 35 *Ib.*, 268; 56 *Ib.*. 185; 49 *Ib.*, 602; 43 *Ib.*, 354; Bump (6 Ed.,) 520; 104 Mass., 245; 49 N. H., 312, 518; 5 Otto, 704; 5 Bissel, 324; Code, §§3480, 4424, 559, notes.