GRANNIS *et al. vs.* CUBBEDGE, HAZLEHURST & COMPANY.

Where a firm received certain bonds with coupons attached thereto, and gave a receipt therefor, in which it was specified that " we agree to return all of the aforesaid bonds with the coupons attached, not due, to said Grannis (the person from whom obtained) on the first day of July, 1878, and agree to pay to said Grannis ten per cent interest on the face of said bonds from July 1, 1877, to July 1, 1878, for the use of said bonds, interest to be paid semi-annually as the coupons become due on said bonds," such debt was not a fiduciary debt within the meaning of the bankrupt act, so as not to be discharged by the bankruptcy of the signers of the receipt.

(*a.*) This case differs from those of agents whose general business is to deal with the property of others as agents entrusted therewith, and who fail to pay a debt contracted in such business; such as an executor, auctioneer, factor, or commission merchant.

October 23, 1883.

Bankruptcy. Contracts. Principal and Agent. Before Judge SIMMONS. Bibb Superior Court. April Term, 1883.

E. C. Grannis and Martha T. Wheaton (now Trammell) brought separate suits against Cubbedge, Hazlehurst & Co., and by agreement they were tried together. Each was based on a receipt of the form set out in the decision. It was admitted that defendants had been discharged in bankruptcy; but it was insisted that the debt was of a fiduciary character, and not affected by the bankruptcy.

On the trial, the receipts were introduced, and Grannis testified to the delivery of the bonds under the contracts contained in the receipts, his demand for them, the failure of defendants to deliver them, and their value. It was admitted that defendants had been discharged in bankruptcy.

On motion, the court granted a non-suit, and plaintiffs excepted.

LYON & GRESHAM, for plaintiffs in error.

LANIER & ANDERSON; L. N. WHITTLE; HILL & HARRIS, for defendants.

JACKSON, Chief Justice.

The question made by this record is, whether the defendants are discharged from paying the bonds in the receipts sued on, by their discharge in bankruptcy. If so, the grant of the nonsuit was right; if not, wrong. Whether discharged or not, turns on this other point, do the receipts make a fiduciary debt under the provision of the bankrupt act of 1867—Revised Stat. U. S., §5117?

The receipts set out four seven per cent bonds on the Western & Atlantic Railroad Company, Georgia, numbers 1161, 1165, 1166, and 2123, one six per cent state of Georgia bond, No. 2131, each for $1,000.00; three eight per cent bonds of the city of Atlanta, Georgia, one No. 45 for $1,000.00, and two, Nos. 65 and 66, for $500.00 each; one $1,000.00 Western Railroad Company of Alabama first-mortgage eight per cent bond, indorsed by the Central Railroad & Banking Company of Georgia, No. 324; and various other bonds, described and numbered with like particularity, and all, including the above, described as falling due certain dates, with coupons also described as payable at certain dates.

The receipt for these bonds, thus described, concludes in these words:

"We agree to return all of the aforesaid bonds with the coupons attached, not due, to said Grannis on the first day of July, 1878, and agree to pay to said Grannis ten per cent interest on the face of said bonds, from July 1, 1877, to July 1, 1878, for the use of said bonds; interest to be paid semi-annually as the coupons become due on said bonds."

Is the debt, incurred by the failure to deliver these bonds back to Grannis on the day agreed upon in the receipt, a fiduciary debt, under that provision of the bankrupt act?

This court has decided that where one, whose general business is to deal with the property of others as an agent entrusted therewith, fails to pay a debt contracted in such business—such as an executor, or auctioneer, or factor, or commission merchant—he comes within the class of fidu-

ciary agents described in said clause of the revised stat-
utes. 44 *Ga.*, 460; 54 *Ib.*, 125; 60 *Ib.*, 532; 67 *Ib.*, 702.*

But beyond these general agents, whose business was,
in its very nature, fiduciary, we are not aware that this
court has extended its ruling, so as to embrace others not
so engaged in a general fiduciary occupation.

In the last-named case, reported in 67 *Ga.*, 702, at the
close of the opinion, on pp. 706–7, this court says :
" It is insisted, however, that these cases (referring to
those in 44 and 54 *Ga.*,) are overruled by the case in
5 Otto, 704, and that being a decision of the Supreme
Court of the United States touching the construction of
the bankrupt act, it must prevail.   We recognize the rule
claimed, that, in the construction of any law of congress,
it would be the duty of this court to conform its decisions
to those made by the Supreme Court of the United States,
when the points ruled are in principle the same, but on a
careful examination of the case in 5 Otto, we do not regard
it necessarily in conflict with the rulings in 44 and 54 *Ga.*,
and are not prepared to reverse those rulings without a
construction of the act by the Supreme Court of the United
States on the question therein made."   And further, it is
there recognized that our rulings are in conflict with those
of other states, but it is announced that we adhere to the
principle ruled in those cases by this court, until overruled
by the U. S. Supreme Court.   In *Hill, administrator, vs.
Sheibley*, 68 *Ga.*, 556, this court goes further and says :
" Those cases cover agents whose general business is to
deal with the property of others entrusted to them for that
purpose, and it still appears to us that they are, from the
very nature of their employment, trustees, and the debts
contracted by them or owing by them from their business,
and the confidence placed in them in that business, are
fiduciary, and were contracted in that capacity.   But this
case comes within neither of the classes ruled by this court

*Failure to return collaterals held not to be a fiduciary debt, and "fiduciary"
discussed.  Hennequin vs. Clews, (Supreme Court of U. S., May 5, 1884), Repo.ter,
vol. 17, No. 25, p 769.  (Rep.)

as within the exceptions of the 33d section of the bankrupt act of 1867. The defendant was to apply the money to his own use in part. It is, in effect, a case where one man entrusted to another money for a joint or partnership speculation in real estate in Rome, and the debt sued on is owing for that money. To extend the principle to this case would be to extend it to every case of partnership where one partner got hold of the contribution of the other, and misapplied it.

"We cannot say, then, that the court erred in ruling that this debt is not fiduciary in the meaning of the act. As to fraud, there is no more fraud here than in all cases where a man gets another's money or property into his possession, and, misapplying it, fails to repay it when it is demanded. This point in this case seems to be directly within the ruling in 5 Otto, 704."

Again in the same case, we say: " This court has gone to the extent of holding that an auctioneer, a commission merchant, and an executor, in the use of funds, goods, etc., entrusted to them, are fiduciary agents, and debts due from these classes of trustees are fiduciary debts. 44 *Ga.*, 460; 54 *Ib.*, 125; 60 *Ib.*, 532, (misprint there 523). We adhere to the judgment therein made, and shall apply the principle to all cases of kindred character until we are clearly satisfied that the Supreme Court of the United States holds adversely to our view. We cannot, however, shut our eyes to the fact that the current of authority in the federal and state courts runs counter to the view this court has taken, and therefore it would be unwise in this court to extend the principle beyond the class of cases within those enumerated above, or clearly analogous to them."

We thus quote copiously from this opinion in *Hill, administrator, vs. Sheibley,* because we think that the principle ruled in that case controls this. That case arose on a receipt like this does. The receipt there is as follows: " Received Rome August 13, 1866, of Dr. Joseph A. Davis five hundred dollars, to be appropriated on joint account

to buying property in the city of Rome; in case of no investment, to be returned." There was no investment, yet it was not returned, and the action was brought for the money. Yet, because it was to be used as money for the defendant's use in part, this court held the debt not of a fiduciary character.

In the case at bar, the bonds were to be used by Cubbedge, Hazlehurst & Co., and ten per cent interest, was paid for their use. In *Hill, adm'r, vs. Sheibley,* the use was for a joint venture. In the case at bar, the use was for the venture alone of Cubbedge, Hazlehurst & Co. The use must have been to borrow money on their hypothecation as collateral. No other conceivable use they had for them. They were applied to that use and not misapplied as in *Hill vs. Sheibley.* Sheibley paid nothing for the use, and was to pay in skill only. Cubbedge, Hazlehurst & Co. paid ten per cent interest, when the bonds were only 6, 7 and 8 per cent. We think that the case of *Hill vs. Sheibley* was more a breach of trust than the case at bar, and more fraudulent than the case before us now. Certainly there was as much fraud there as here. There the money was misapplied, yet this court ruled that " there is no more fraud here than in all cases where a man gets another's money or property into his possession, and, misapplying it, fails to repay it when it is demanded," and say that "this point in this case seems to be directly within the ruling in 5 Otto, 704." If that case was, surely this is, within that ruling. Cubbedge & Hazlehurst failed. They could not pay these bonds, the identical bonds, because they were employed in the use agreed upon and paid for in interest on their face. They could not redeem them because of their failure. They could not pay other bonds or their value for the same reason. There is no more fraud or breach of trust in it than where one entrusted to another money for a joint speculation, and failed to return it, though it was misapplied.

We conclude, then, that this debt is not fiduciary, in the sense of the bankrupt act of 1867, and hence that the non-suit was right.

Judgment affirmed.