### WESTER, administratrix *v.* EVERETT *et al.*

1. "A joint interest in the partnership property, or a joint interest in the profits and losses of the business, constitutes a partnership as to third persons. A common interest in profits alone does not."
2. The petition set forth a cause of action, and the court erred in dismissing it on demurrer.

No. 1500. FEBRUARY 10, 1920.

Equitable petition. Before Judge Kent. Twiggs superior court. February 26, 1919.

J. H. Wester filed a petition against T. F. Everett, praying for injunction, receiver, and other relief. The petition alleged substantially as follows: A. S. Holland and T. F. Everett bought from Lattimore Brothers a sawmill complete, including necessary equipment for its operation, and agreed to pay therefor $1,800. Lattimore Brothers executed to Holland and Everett a bond for title, reciting that upon the payment of the balance due good and sufficient title would be made to Holland and Everett jointly. The sawmill was purchased during the first part of the year 1916. On or about May 1, 1916, the plaintiff was approached by Everett, who requested plaintiff to buy Holland's interest in the sawmill, offering to furnish him with the necessary money to make the purchase. Plaintiff did buy the half interest of Holland, giving him therefor $200, which amount was furnished by Everett. On May 17, 1916, Holland executed to Wester the following instrument: "Bill of Sale. A. S. Holland to J. H. Wester one half interest in sawmill owned by A. S. Holland and T. F. Everett, now located on the land of Mrs. Barkesdale in the County of Bleckley,

State of Georgia. Signed this the 17th day of May, 1916. A. S. Holland to J. H. Wester." At the time plaintiff bought Holland's interest, one of the reasons stated by Everett why he wanted plaintiff to buy was that plaintiff was a good sawmill man,. and that Everett wanted him to take charge of the mill and so operate it that a profit would be realized to both of them. Everett gave the further reason that Lattimore Brothers must be paid the balance due them in order to save what equity Everett had in the sawmill. The agreement with Lattimore Brothers was that plaintiff and defendant were to saw lumber for them and were to pay one dollar per thousand feet on the lumber cut by the mill on the amount due Lattimore Brothers until the entire amount was paid. It was further agreed between plaintiff and defendant that a reasonable compensation for the running of the mill would be paid plaintiff as salary; and that after the one dollar per thousand was paid to Lattimore Brothers, plaintiff was to share equally with Everett in the profits of the mill. In pursuance of this agreement plaintiff took charge of the mill on or about May 17, 1916, and worked faithfully for a period of ten weeks. During this period Everett would receive the money and make the settlements. Plaintiff frequently requested Everett to pay him enough money for his support; but Everett refused to do this, or to pay him anything at all during the ten weeks he had charge of the mill. Everett neglected and refused to give·plaintiff any information whatever as to the condition of the partnership during the entire time that plaintiff was in charge of the mill. Plaintiff was wholly dependent on his work for-his livelihood, and it was impossible for him·to continue longer without compensation; and after the expiration of the ten weeks he told Everett that he would be obliged to return to Macon or go elsewhere and secure a job in order that he might make a livelihood. After returning to Macon he was employed by one Richardson, and on various occasions he would write to or see Everett, asking him the condition of the mill, and requesting him either to buy petitioner's interest or to allow him to buy Everett's interest; and each time Everett would fail and refuse to give him any satisfaction. Everett is insolvent; and unless plaintiff can conserve his interest in the mill, he will be without remedy to recover against Everett. The affairs of the partnership are in such condition that it is necessary for a receiver to take charge of the

property, sell it, and determine the amount of interest the plaintiff may have in the proceeds, and to distribute the balance to the creditors of the partnership and the individual creditors of the partners. It is alleged, on information, that the balance due Lattimore Brothers has been paid, and that it is the intention of Everett for them to make title to the sawmill to one of his sons; and should he do this and the son should dispose of it to some innocent person, plaintiff, as well as other creditors, would be remediless to realize anything on their claims. Plaintiff prays, that Everett be enjoined from disposing of his equity in the sawmill to any person whatsoever, or, if he has full title, that he be likewise enjoined from disposing of the mill; that Lattimore Brothers be enjoined from making title to Everett or to any other person directed by him; that a receiver be appointed to take charge of the mill and other personal property of the partnership of Wester and Everett, and be directed to sell the personal property of the partnership and determine what interest the plaintiff has in the same, and, after finding the interest, that it be paid over to him, less the cost of this proceeding.

The defendant demurred to the petition, on the grounds: (1) That it set forth no cause of action. (2) It does not specify or define any particular property or fund belonging to the defendant. (3) It does not describe or specify any property, rights, equity, or interest which the plaintiff has or claims in any particular property or fund. (4) It shows that the plaintiff has no right, title, or interest whatever in the sawmill, or the proceeds thereof, for the reason that it appears that the plaintiff never completed his contract for the purchase of any right, title, or interest in the property, or in any way obtained an interest therein. The demurrer was sustained, and the petition was dismissed; to which judgment the plaintiff excepted. Pending the suit the plaintiff died, and his administratrix was made a party.

*E. B. Weatherly,* for plaintiff.    *L. D. Moore,* for defendants.

HILL, J. (After stating the foregoing facts.) The question to be determined is whether the plaintiff has a joint interest or title in the property in controversy. It is insisted on the part of the defendant that Wester had no interest whatever in the sawmill and its equipment; that he did not invest any money in the enterprise, and only contributed ten weeks work; that the contract was entire,

and not divisible; and that before he could obtain any fixed right
in the property it was incumbent upon him to complete his con-
tract, which was not done. We do not agree with the conclusions
reached by the defendant, and by the trial court in dismissing the
petition on demurrer. It will be seen from the foregoing statement
of facts that Everett and Holland purchased the sawmill from
Lattimore Brothers, who executed to them a bond for title, condi-
·tioned to convey the property to them upon payment of the pur-
chase-price. Before the purchase-price was paid Wester and Everett
entered into a contract by which the plaintiff was to purchase the
half interest in the property owned by Holland, and a payment of
$200 was made by Wester, who obtained the money from Everett.
Thereupon Holland executed to Wester a bill of sale of a half
interest in the property. It-thus appears that whatever interest
Holland had in the sawmill was conveyed to Wester. Lattimore
Brothers were to be paid by Everett and Wester out of the lumber
sawed by them; and after the purchase-price should be paid, then
Everett and Wester should share equally in the proceeds of the mill.
The plaintiff insists that there existed between Wester and Everett
a partnership, and that Everett kept possession of the partnership
property and refused to account to Wester for the property or any
of the proceeds thereof. On the other hand, it is denied that any
partnership existed between them. It becomes material, therefore,
to determine whether a partnership existed between Everett and
Wester. Our Code of 1910, § 3158 declares: "A joint interest
in the partnership property, or a joint interest in the profits and
losses of the business, constitutes a partnership as to third persons.
A common interest in profits alone does not." Rowley on Modern
Law of Partnership, 19, § 25, defines a partnership as "the rela-
tion existing between two or more individuals or associations of·
individuals, who have associated themselves together for the purpose
of sharing the profits and losses arising from a use of capital,
labor, or skill, in some common transaction or series of transac-
tions." In *Camp* v. *Montgomery*, 75 *Ga.* 795 it was held: "Where
three parties owned and ran a sawmill jointly, on the agreement
that one of them was to conduct-the operations of the mill, pay all
its expenses from the proceeds, and divide the net profits equally
between himself and the other two, the three jointly owning the
property from which the income was derived, this constituted a part-

nership between them." And see *Taylor* v. *Bliley,* 86 *Ga.* 154 (12
S. E. 210) ; *Huggins* v. *Huggins,* 117 *Ga.* 151 (43 S. E. 759.
Under the code section supra, and the decisions of this court, a
joint interest in the profits alone will not suffice to constitute a
partnership, but a joint interest in the partnership property will,
or a joint interest in the partnership property and profits will.
The allegation is that Wester paid $200 of the purchase-price for
the mill property; and although he had borrowed this money from·
his partner, Everett, it nevertheless shows such an interest in the
partnership property as to constitute a partnership between Everett
and Wester. Under the arrangement between Everett and Wester
·they were to share in the profits after the purchase-price had been
paid for the mill property. It seems to us that the elements of
a partnership existed in this agreement, although no actual profits
have been received directly by either of the parties. Each had an
interest in the mill property. They had for ten weeks sawed
lumber, a part of the proceeds of which had presumably been paid,
under the agreement between the partners, to Lattimore Brothers
as a part of the purchase-price of the mill. We do not think that
one partner, under such circumstances, could withhold from the
other partner his right to one half of the property, or whatever
profits there might be in the partnership. Under such circum-
stances, where one partner fails and refuses to account to his co-
partner, and withholds the entire partnership property from him,
a court of equity has jurisdiction of the case, and a receiver may
be appointed to wind up the affairs of the partnership, pay off
whatever indebtedness there exists against the partnership, have
an accounting between the partners, and pay the profits, if any,
to each partner entitled thereto. From what has been said it
will be seen that the court below erred in dismissing the petition
on demurrer.          *Judgment reversed. All the Justices concur.*