CORBIN *et al.* v. COLLUM *et al.*

No. 8543. OCTOBER 17, 1931.

*Lawton Nalley* and *C. G. Battle,* for plaintiffs.
*W. B. Hollingsworth* and *A. A. Marshall,* for defendants.

HINES, J. Corbin and others filed their petition against J. V. Fain and G. E. Collum, in which they make this case: The defendants are indebted to them in the sums set opposite their names in an exhibit attached to their petition, for work and labor performed in dismantling the city-hall building at the corner of Marietta and Forsyth Streets in the City of Atlanta. Collum is a silent partner of Fain, and is furnishing him the necessary funds

for dismantling this building. Collum now has in his possession and stored on certain vacant lots in Atlanta 160,000 bricks, all plumbing, doors, sash, and fixtures that have been taken from this building. For the greater portions of the money so due petitioners Fain issued checks on a local bank without funds therein to meet them, and they have been turned down. As fast as the material has been taken from this building in demolishing the same, it has either been sold on the premises at prices considerably less than it is worth (for which Fain received the money and is keeping it without paying any of it to petitioners) or else stored with Collum. The reasonable market value of the property in the possession of Collum is $5,000. Upon information and belief petitioners charge that the property is stored with Collum for the purpose of delaying, defrauding, and preventing them from filing liens thereon. Each petitioner has his lien as a laborer at law, but these liens are unenforceable at law for the reason that the defendants are disposing of the material daily as it is taken from the building. Defendants have been and are now colluding for the purpose of defrauding and defeating petitioners out of the money due them. Each petitioner has completed all work he was employed to do in dismantling this building, and has demanded his money, which the defendants refuse to pay. Petitioners pray for a receiver to take charge of all material which has been taken from said building; that their liens be set up and established; that the defendants be enjoined from selling, mortgaging, or otherwise disposing of said material; and for general judgments against the defendants.

By amendment plaintiffs made these allegations: All the petitioners are similarly situated as to their claims for work and labor in the amounts set opposite their names in an exhibit referred to. Said sums of money are due each of them by the defendants for labor done in tearing down said building and removing the material therefrom. Collum is a silent partner of Fain, in that he is furnishing the money to Fain to finance the tearing down and removing of this building. Fain is doing the work, Collum is furnishing the money, and both are sharing in the profits derived from the sale of the material. The fraud and collusion of the defendants consist in the fact that they were and are jointly and severally interested in the original undertaking of dismantling this building. Collum aided Fain in securing the contract from the

City of Atlanta. Collum furnished the money or helped to furnish it for the purpose of enabling Fain to get the contract in his own name. When the material was taken from the building, the scheme was either to sell it on the premises or to transfer it to Collum's lots, and thus deceive petitioners into believing it had been sold to Collum, who was not known to petitioners to be a partner, thereby rendering Fain at all times insolvent and unable to pay petitioners for their labor.

The defendants demurred on the grounds that (a) the petition does not set out any matter of equity jurisdiction, and under the allegations the plaintiffs are not entitled to the relief prayed; and (b) it sets forth no cause of action at law. They demurred further in so far as the petition seeks to foreclose laborers' liens in equity, the statutory method to foreclose being available. They demurred specially in so far as the petition seeks to set up and foreclose a laborer's lien in favor of each of the plaintiffs except Corbin, because it is mandatory that the affidavit to foreclose same be made by the lien claimant personally, or by his agent or attorney, whether in law or equity, and there is no allegation that Corbin is the agent or attorney of any or all of the other plaintiffs, and the only affidavit to the petition is made by Corbin alone. Also, because there is a misjoinder of parties plaintiff and of distinct causes of action. Also, because the petition fails to set out the amount of time rendered by each of petitioners, the particular work done by each, the rate per hour, and the total time each labored. The judge sustained the demurrer and dismissed the petition as to Collum, on the sole ground that the facts alleged are not sufficient to constitute a partnership between Fain and Collum. To this judgment the plaintiffs excepted.

Do the facts alleged make a partnership? "A joint interest in the partnership property, or a joint interest in the profits and losses of the business, constitutes a partnership as to third persons. A common interest in profits alone does not." Civil Code (1910), § 3158. A partnership may be created for a single venture or enterprise. *Solomon* v. *Solomon,* 2 *Ga.* 18; *Hill* v. *Sheibley,* 68 *Ga.* 556; *Floyd* v. *Kicklighter,* 139 *Ga.* 133, 138 (76 S. E. 1011). If parties go into an adventure, one furnishing money or stock and the other skill and labor, and are to share in the net profits, they are partners, since it follows that in such a case they

have a joint interest in the profits, as contradistinguished from a common interest which would not constitute such a relation. It was not intended by the code to change the well-settled rule upon this subject. *Sankey* v. *Columbus Iron Works,* 44 *Ga.* 228; *Camp* v. *Montgomery,* 75 *Ga.* 795, 798. Whenever a joint enterprise, a joint risk, a joint sharing of expenses, and a joint interest in the profits and losses concur, a partnership exists. *Smith* v. *Hancock,* 163 *Ga.* 222, 231 (136 S. E. 52). An agreement to share profits and losses is prima facie evidence of a partnership. *Floyd* v. *Kicklighter,* supra. A joint interest in the profits of a business evidences joint ownership. *Phillips* v. *Trowbridge Furniture Co.,* 92 *Ga.* 596 (20 S. E. 4). A joint interest in the profits will constitute a partnership. *Wester* v. *Everett,* 149 *Ga.* 754, 758 (102 S. E. 159). In *Buckner* v. *Lee,* 8 *Ga.* 285, 289, Judge Nisbet said: "It seems, then, clear that if one is to receive a certain proportion of the profits, as one third or one half, *as profits,* he is a partner. If *a certain sum* is agreed to be paid out of profits, and the party does not look to that alone for payment, he is not a partner; but if the *sum to be paid* is not fixed, but may be increased or diminished by the amount or accidents of the business, then the receiver is a partner." The same doctrine was announced by Judge Lumpkin in *Perry* v. *Butts,* 14 *Ga.* 699. Where a banker having an agency for the sale of timber land induced another to advance the money to purchase the same, and to erect a sawmill thereon, under a contract for a division of profits, this transaction constituted a partnership. *Smith* v. *Padrosa,* 139 *Ga.* 484 (77 S. E. 639).

Under the principles stated above, we are of the opinion that the petition set out facts which created a partnership between Fain and Collum. Collum aided Fain in procuring from the City of Atlanta a contract by which the City sold to Fain the former city-hall building, and under which Fain was to dismantle this building and remove the material from the lot on which the building was erected. Collum furnished all or a portion of the purchase-money which Fain paid for the building. Collum furnished the money to tear down the building, and to remove the material and debris from the lot. Fain superintended the work. Both were to share the profits derived from the sale of the material. This made Fain and Collum partners in this venture, and liable to the laborers employed in dismantling this building for their

wages. It follows that the judge erred in sustaining the demurrer as to Collum and dismissing the petition as to him.

*Judgment reversed. All the Justices concur.*