## 57545. JACKSON v. JACKSON.

McMURRAY, Presiding Judge.

In November of 1973 Nelson R. Jackson and R. P. Jackson, two brothers, went into the retail grocery business in Cumming, Georgia, and took over a business known as Community Supermarket. There was no written partnership agreement, but both brothers merely agreed to take equal weekly draws from the business. Nelson R. Jackson contends that while no formal written partnership agreement was drawn up, that they had indeed formed a partnership in which everything was on a "fifty-fifty basis." R. P. Jackson, on the other hand, contended that he financed the business by borrowing $15,000 from one source, he and his wife also put up $5,000 of their own money, and his brother had no money in the business whatsoever; and he denied that there was any partnership agreement of any kind between them. Thereafter, a dispute arose between the brothers, and Nelson Jackson left the store and did not return. The business was later sold by the remaining brother, who had continued to operate the business after his brother departed.

Nelson R. Jackson, as plaintiff, then sued his brother, R. P. Jackson, as defendant, seeking an accounting, the appointment of an auditor to ascertain the profits from the partnership business and the award of one-half of such amount as determined and $5,000 as punitive damages for breach of fiduciary duty.

Defendant answered admitting jurisdiction but

otherwise denied the claim of the plaintiff.

The case proceeded to trial, and the parties stipulated that the business was sold for $9,036.68 and that the net profits of the business from December 15, 1974, through March 31, 1975, was $733.36 (the period between the time when the plaintiff brother left the business and when it was sold). A series of interrogatories were given to the jury, which found that a partnership did exist between plaintiff and defendant, it had not been dissolved by mutual consent of the partners, and a complete accounting and settlement had not been reached. To the question of whether the plaintiff was entitled to a portion of the net proceeds of the sale, the jury answered, "yes," and found plaintiff's share of the proceeds to be $500, but that the plaintiff was not entitled to any of the profits after he left the business. A verdict and judgment in the sum of $500 was found in favor of the plaintiff. Plaintiff appeals. *Held:*

1. The intention of the parties is the true test of a partnership which may be created by a contract giving rights or imposing obligations differing from those from which the law ordinarily infers a partnership. *Huggins v. Huggins,* 117 Ga. 151 (1) (43 SE 759).

2. While the jury in the answer to the first interrogatory determined that a partnership did exist between plaintiff and defendant which in the second question as answered had not been dissolved by the mutual consent of the partners and as answered in the third question plaintiff was entitled to a portion of the proceeds of the sale of the business ($9,036.68), we cannot say from the conflicting evidence involved in this unwritten agreement as to the business arrangement between the two brothers that the award of $500 to the plaintiff was not authorized. The verdict was not inconsistent with and contrary to the charge of the court which amply charged the jury as to the laws of Georgia that a partnership may be created either by written or parol contract. Indeed, the defendant's evidence disclosed that the plaintiff had not contributed any funds but only time and effort in the business operation. The defendant brother testified he had financed the business by borrowing $15,000 from one source and $5,000 from

another. Plaintiff contended that there was a partnership on a "fifty-fifty basis," and the court so instructed the jury that if they determined there was a partnership "you must then determine whether or not the Plaintiff was a partner and entitled to one-half of the net proceeds from the sale of the business and one-half of the net profits from the partnership earned during the last two weeks of 1974 and that period of 1975 before the business was sold." This charge was not tantamount to instructing the jury that if they determined there was a partnership between the brothers that they were entitled to share equally as to the net proceeds from the sale of the business or the profits earned during the last period as this brother (the plaintiff) was contending. See Code § 75-103; *Phillips v. Trowbridge Furniture Co.*, 92 Ga. 596 (1) (20 SE 4). The amount of the verdict was not inconsistent with and contrary to the instructions here.

3. At the completion of the charge both parties were given an ample opportunity to make objections to it, and both counsel answered respectively that they had no objection. After the jury had returned the verdict which was unsatisfactory to the plaintiff his motion came too late in requesting a "recharge . . . as to the damage issue." *Reynolds v. Huckeba*, 231 Ga. 792, 794 (204 SE2d 149); *Sullens v. Sullens*, 236 Ga. 645, 646 (224 SE2d 921). There is no merit in the complaint that the trial court erred in denying plaintiff's motion to recharge the jury on the issue of damages.

4. There was evidence from which the jury would have been authorized to have made an award as to the proceeds of the sale and certain profits after plaintiff left the business. However, the evidence did not demand a finding that the plaintiff be awarded one-half of the proceeds of the sale and profits. The court did not err in refusing to correct the amount of the jury verdict as the evidence only authorized a finding in favor of the plaintiff as determined by the jury.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED APRIL 3, 1979 — DECIDED MAY 3, 1979 — REHEARING DENIED MAY 23, 1979.

*Cook, Noell, Bates & Warnes, Dan A. Aldridge, Jr.,* for appellant.

*James A. Henderson,* for appellee.