## 38714. BRYAN v. MADDOX et al.

HILL, Presiding Justice.

This appeal involves the dissolution of a partnership created by oral agreement. Skyler Bryan appeals the judgment of the trial court fixing the date of dissolution as October 3, 1979, three months after the filing of his complaint on July 3, 1979, seeking an accounting and dissolution of the partnership. Code Ann. § 75-106.[1] Bryan contends that he is entitled to share in the profits of the enterprise after October 3, 1979, because his partners failed in their duty to terminate the partnership and distribute to him his share.

Plaintiff Bryan and defendants Robert E. Maddox and Steven G. Vlass entered into an oral partnership agreement in October, 1978, to open a restaurant, known as Caravan's Crab Shack in DeKalb County. None of the partners were experienced in the business and none were to be paid a salary. All three partners contributed work, labor and services; Bryan also supplied the services of his wife and materials for renovation and decoration; and Maddox furnished about $15,000 cash. Each partner had a one-third interest in the profits from the partnership.

The restaurant opened on February 26, 1979, with Bryan in charge of running the kitchen. Bryan was expelled from the business on June 12, 1979, by Maddox and Vlass, who changed the locks the next day and refused to allow Bryan access to the books and records of the business. Thereafter, Vlass and Maddox continued doing business as a corporation known as Caravan's, Ltd., at the same location.

On July 3, 1979, Bryan filed suit against Maddox, Vlass, and Caravans, Ltd., seeking the appointment of a receiver, compensation for services rendered, a dissolution of the partnership and an accounting. Maddox, Vlass, and Caravans, Ltd., defended on the ground that there was no partnership, but only an offer, which they rescinded on June 12, 1979, to allow Bryan to buy into the partnership for $15,000 to be paid him out of future profits. A jury trial was held in April, 1981, after delays caused by Bryan's retaining new counsel. The jury found that there was an oral partnership agreement and that Bryan had a one-third interest in the partnership. A decree was then entered in Bryan's favor dissolving

---

[1] Code Ann. § 75-106 provides: "If there shall be no agreement as to the time of continuance, the partnership shall be at will, and may be dissolved at any time by any partner on his giving three months' notice to his partners."

the partnership as of October 3, 1979.[2] Bryan filed a motion for reconsideration and to set aside and vacate the judgment, contending that, since Maddox and Vlass had continued operating the business after receiving notice of dissolution, they were accountable to him for his share of the profits from October 3, 1979, until the date of final accounting.[3]

The trial court denied the motion, but amended its order to provide the following: "This court finds that plaintiff [Bryan] affirmatively dissolved his interest in the partnership which the jury determined existed between plaintiff and defendants Maddox and Vlass in that plaintiff gave written notice to said defendants of his intention to dissolve said partnership by filing his complaint in this case on July 3, 1979. In accordance with Section 75-106 of the *Georgia Code Annotated* [see footnote 1, above], the filing of this lawsuit, and the service of same upon defendants, constituted notice to said defendants of plaintiff's intention to dissolve said partnership. Plaintiff's interest in the partnership was dissolved as of October 3, 1979, three (3) months after the filing of this lawsuit by plaintiff." On this appeal, we affirm so much of the trial court's order as determined that pursuant to Code Ann. § 75-106, supra, dissolution was effective October 3, 1979.

The court also provided by order: "This Court finds that plaintiff shall be entitled to receive one-third of any net profits earned in the operation of Caravan's Crab Shack subsequent to October 3, 1979 which were the sole, direct and proximate result of plaintiff's own labor and efforts *prior* to June 12, 1979, the date upon which plaintiff no longer participated in the operation of Caravan's Crab Shack. Provided, however, that such net profits attributable to plaintiff's labor and efforts prior to June 12, 1979 must be clearly ascertainable, if any are to be awarded. If no such net profits are ascertainable, plaintiff shall be entitled to recover interest computed at the legal rate, on the value of his one-third interest in Caravan's Crab Shack as of October 3, 1979 from October 3, 1979 until May 18, 1981, the date of the entry of Judgment." (Emphasis in original.)

---

[2] "The partnership between plaintiff and defendants Robert E. Maddox, III and Stephen G. Vlass was dissolved as of October 3, 1979, subject to the rights of plaintiff and defendants to an accounting and distribution of the assets and liabilities of Caravan's Crab Shack restaurant as their interests may appear as of October 3, 1979."

[3] Because the defendants contended that no partnership existed, no contention was made that the partnership was dissolved by Bryan's expulsion on June 12, 1979 (see Code Ann. § 75-107) or three months following June 12, 1979 (see Code Ann. § 75-106, supra).

On appeal, as in his motion to reconsider and vacate the judgment, Bryan argues that where his partners continued operating the business after dissolution without distributing his share to him, he is additionally entitled to a one-third share of the profits earned until the final accounting.

Code Ann. § 75-206 provides: "Unless otherwise provided in the agreement, partners shall be equally interested in all the stock or property brought into the business, it matters not by which. . . ."[4] As was said in *Huggins v. Huggins,* 117 Ga. 151 (3) (43 SE 759) (1902): "If one who originally contributed no capital, but was to receive a part of the profits as compensation for his services, permits a portion of such profits to remain in the business as firm assets, he thereby acquires a joint ownership in the undivided property, and becomes a partner within the meaning of the last clause of [1895] Civil Code, § 2626 [now Code Ann. § 75-101]." See also Code Ann. § 75-102. The jury found that Bryan, Vlass and Maddox had formed such a partnership. Under Georgia law, Bryan had an undivided one-third interest in the assets of the partnership on the date of the dissolution.[5] Therefore, the trial court correctly held in its first order that Bryan was entitled to share equally with Vlass and Maddox in the assets as well as the liabilities of the partnership as of the date of dissolution. See footnote 2, above. Bryan's share must be determined by an accounting and is the principal sum due.

When the partners fail to wind up the partnership and distribute the principal sum due, the dissolving partner is entitled to an election in order to compensate him for the wrongful use of the money owed to him: "If a surviving partner continues the business beyond the time allowed by law, the final account with the administrator [of the deceased partner's estate] should be stated as of the day when the settlement should have been made, the administrator being entitled, to the [principal] sum then due, with interest; or at his option he may take such principal sum with his proportion of the profits." *Huggins v. Huggins,* 117 Ga., supra at headnote 7. Accord, 6 ULA, Uniform Partnership Act § 42;[6] Annot.,

---

[4] This is contrary to the Uniform Partnership Act, 6 ULA, Uniform Partnership Act §§ 18 (a), 40 (b), and contrary to the common law. 60 AmJur2d Partnership § 280 (1972). Although not adopted in Georgia, the Uniform Partnership Act has been enacted by 48 states, the District of Columbia, Guam and the Virgin Islands.

[5] The jury in *Jackson v. Jackson,* 150 Ga. App. 87 (256 SE2d 631) (1979), apparently found that the partners held unequal interests in the partnership.

[6] Here the rule in Georgia is consistent with the Uniform Partnership Act.

55 ALR2d 1391, at § 44; 60 AmJur2d, Partnership, § 300. That is, the dissolving partner may choose either interest on his share, or his portion of the profits earned during the period of the wrongful withholding and unauthorized use of his distributive share, the principal sum due.

Defendants attempt to distinguish *Huggins v. Huggins,* supra, on the basis that there the partnership agreement was in writing, no question as to the existence of the partnership was involved, and dissolution resulted from the death of the partner. We find these differences immaterial.

Defendants also urge that it was the plaintiff who dissolved the partnership. Being a partnership at will, plaintiff had the right to dissolve it. The defendants were then under a duty to wind up the business and account to the dissolving partner. Code Ann. § 75-109. Failing to do their duty, defendants are subject to the plaintiff's right to choose interest on his share of the assets, or his share of the profits earned while defendants wrongfully withheld plaintiff's assets.

The trial court limited Bryan's right to share in post-dissolution profits to those profits resulting from his own labor and efforts (or the interest on the principal sum due to him). In this the trial court erred.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 8, 1982.

*Paul C. Myers,* for appellant.
*McLain & Merritt, Christoper D. Olmstead,* for appellees.